Anthony J. Viola (AV-7366)
Andre K. Cizmarik (AC-6470)
EDWARDS & ANGELL, LLP
Attorneys for Plaintiff
Sherman Gottlieb
750 Lexington Ave.
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHERMAN GOTTLIEB,

    Plaintiff,

-against-

CARNIVAL CORPORATION,

    Defendant.

04-CV-4202 (ILG)

**AMENDED COMPLAINT**

Plaintiff Sherman Gottlieb, by his undersigned counsel, for his Complaint against defendant Carnival Corporation ("Carnival"), alleges as follows:

## Introduction

1.     This is an action for monetary and injunctive relief against defendant for its knowing and willful violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(b)(1) ("TCPA"). This federal statute prohibits, and creates a private right of action for monetary and injunctive relief to redress, the sending of unsolicited advertisements to a person or business by facsimile.

2. This action also seeks monetary relief against defendant for its unlawful transmission of unsolicited facsimiles in violation of New York General Business Law § 396-aa.

3. Over the past several years, Defendant has sent approximately 1000 unsolicited fax advertisements to plaintiff's fax machine, despite his written requests that defendant cease and desist sending those faxes.

## Jurisdiction and Venue

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and (c) inasmuch as the dispute is between citizens of different states and/or a citizen of a state and a citizen or subject of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. §§ 1391 (a) and (c).

6. Personal jurisdiction over the defendant in New York is proper under N.Y. CPLR §§ 301 and 302(a), inasmuch as defendant has purposefully transacted business in New York and has inflicted a tortious injury on plaintiff in New York.

## Parties

7. Plaintiff Sherman Gottlieb is citizen of the State of New York and resides in Staten Island, New York.

8. Upon information and belief, defendant Carnival is a corporation organized and existing under the laws of Panama and maintains its principal place of business at 3655 NW 87th Avenue, Miami, Florida 33178, and thus is deemed a citizen of Panama and Florida. Upon information and belief, Carnival is a global cruise company and one of the largest vacation companies in the world. Upon information and belief, Carnival solicits individuals from all across world, including the United States, to book trips on its fleet of cruise ships.

## Statement of Facts

9. Plaintiff performs work as a travel agent from his home in Staten Island. In connection with that work, plaintiff has a fax machine that is associated with the telephone numbers 718-370-1620 and 718-761-9360.

10. Beginning in or about early 2001, Plaintiff began receiving a substantial number of unsolicited faxes from defendant.

11. Subsequent to the receipt of these unsolicited faxes, plaintiff, on numerous occasions, sent written instructions via facsimile to Carnival requesting that they cease sending these unsolicited faxes. In addition, plaintiff contacted the "1-800" number listed on the unsolicited faxes for purposes of having his number removed from Carnival's telephone list.

12. Unfortunately, Carnival continued to send unsolicited faxes. A sample of one of the unsolicited fax advertisements is annexed as Exhibit A hereto.

13. In total, between 2001 and 2004, defendants sent plaintiff over 1000 unsolicited fax advertisements.

14. Plaintiff brings this suit under the TCPA, which provides that "[i]t shall be unlawful for any person within the United States to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." The TCPA further provides a private right of action for an aggrieved plaintiff and damages of at least $500 for each such violation of the TCPA.

15. The TCPA also provides for treble damages if a defendant willfully or knowingly violated the statute.

16. The federal regulations implementing the TCPA similarly provide that no person may use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine.

17. By sending approximately 1000 unsolicited fax advertisements to plaintiff, the overwhelming majority of which were sent despite plaintiff's several requests that they cease, defendant knowingly and willfully violated the TCPA and its implementing regulations.

18. Accordingly, defendant is liable for at least $500, and up to $1,500, for each of its unsolicited fax advertisements to plaintiff.

19. The evidence that defendant acted knowingly and willfully is abundant given that beginning in or about 2002, Carnival began including a legend on the bottom of its faxes which stated, "Carnival does not endorse nor authorize the practice of blast faxing or unsolicited faxing of any materials promoting Carnival or its products."

20. Thus, Carnival understood at least as early as 2002 that sending unsolicited faxes was improper and unlawful.

21. Nonetheless, Carnival continued its unlawful practice of sending unsolicited faxes to plaintiff.

## COUNT I
### (Statutory Damage Claim for Violations of the TCPA)

22. Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 21 above.

23. Defendant's approximately 1000 faxes to plaintiff constitute "unsolicited advertisements," as defined by the TCPA, 47 U.S.C. § 227(a)(4): "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission."

24. Defendant's faxes advertised the commercial availability of cruise packages.

25. Plaintiff did not provide defendant with any "prior express invitation or permission" to send the fax advertisements at issue.

26. Through its conduct, defendant violated the TCPA, which prohibits the sending of unsolicited fax advertisements.

27. Accordingly, defendant is liable to plaintiff in the statutory amount of at least $500 per unsolicited fax advertisement sent, for total damages of not less than $500,000.

## COUNT II
### (Statutory Treble Damage Claim for Violations of the TCPA)

28. Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 27 above.

29. Pursuant to the TCPA, if defendant "willfully or knowingly" sent their unsolicited fax advertisements, the Court may increase the statutory penalty up to the amount of $1,500 per unsolicited fax advertisement sent.

30. Upon information and belief, defendant was fully aware that the practice of sending unsolicited fax advertisements was in contravention of law, as evidenced by the legend on its faxes which stated that defendant does not condone the practice of sending unsolicited faxes.

31. Moreover, plaintiff expressly informed defendant that its unsolicited fax advertisements were unwelcome and undesired, and plaintiff further demanded that the faxes cease and desist.

32. Nevertheless, defendant continued to send additional unsolicited fax advertisements.

33. Through its conduct, defendant "willfully or knowingly" violated the provisions of the TCPA.

34. Accordingly, defendant is liable to plaintiff in the statutory treble damage amount of $1,500 per unsolicited fax advertisement sent, for damages of not less than $1,500,000.

## COUNT III
**(Statutory Claim for Injunctive Relief from Violations of the TCPA)**

35. Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 34 above.

36. In addition to monetary damages, the TCPA provides for injunctive relief to enjoin violations of its provisions. By its conduct, defendant has willfully and knowingly violated the provisions of the TCPA by sending approximately 1000 unsolicited fax advertisements to plaintiff.

37. Accordingly, defendant should be enjoined from sending any unsolicited fax advertisements to plaintiff in the future.

## COUNT IV
**(Statutory Damage Claim For Violations of N.Y. Gen. Bus. Law § 396-aa)**

38. Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 37 above.

39. The unsolicited facsimile transmissions by defendant promoted the sale of defendant's goods or services.

40. Numerous faxes sent by defendant exceeded five pages and were received by plaintiff between the hours of 9:00 p.m. and 6:00 a.m. local time.

41. Numerous faxes sent by defendant were received by plaintiff between the hours of 6:00 a.m. and 9:00 p.m. local time.

NYC_185511_2/ACIZMARK

42. Numerous faxes were sent by defendant after plaintiff sent a written, facsimile message to defendant clearly indicating that plaintiff did not want to receive further facsimile messages from defendant.

44. Accordingly, defendant additionally is liable to plaintiff in the statutory amount of at least $100 per unsolicited fax advertisement sent, as determined at trial.

### Jury Demand

Plaintiff hereby demands a trial by jury of this matter.

WHEREFORE, plaintiff Sherman Gottlieb prays that this Court:

a) Award plaintiff the statutory sum of $500 per unsolicited fax advertisement sent to plaintiff by defendant, as documented herein, for an award of not less than $500,000;

b) Award plaintiff statutory treble damages per unsolicited fax advertisement knowingly and willfully sent to plaintiff by defendants, as documented herein, for an additional award of not less than $1,000,000;

c) Issue an injunction enjoining defendant from committing future violations of the TCPA, by ordering defendant to cease and desist from sending unsolicited fax advertisements to plaintiff;

d) Award plaintiff the additional statutory sum of $100 per unsolicited fax sent to plaintiff by defendant, as documented herein, and as provided for under N.Y. Gen. Bus. Law § 396-aa.

e) Award plaintiff the fees and costs of this action; and

f) Award plaintiff all such other and further relief to which it may be justly entitled.

Dated: New York, New York
November 19, 2004

*[signature: Andre K. Cizmarik]*

Anthony J. Viola (AV-7366)
Andre K. Cizmarik (AC-6470)
EDWARDS & ANGELL, LLP
Attorneys for Plaintiff Sherman Gottlieb
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

Anthony J. Viola (AV-7366)
Andre K. Cizmarik (AC-6470)
EDWARDS & ANGELL, LLP
Attorneys for Plaintiff
Sherman Gottlieb
750 Lexington Ave.
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHERMAN GOTTLIEB,

Plaintiff,

-against-

CARNIVAL CORPORATION,

Defendant.

04-CV-4202 (ILG)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

Stuart Radish, being duly sworn, deposes and says:

I am over the age of eighteen years and am not a party to this action. On the 17th day of November 2004, I served a true copy of the attached Plaintiff's Amended Complaint upon:

Joseph Saltarelli, Esq.
Hunton & Williams LLP
200 Park Avenue
New York, New York 10166

by depositing a true and exact copy of same, enclosed in a post-paid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Stuart Radish

Sworn to before me this
18 day of November 2004

_____
Notary Public

**JOHN FRANCAVILLO**
Notary Public, State of New York
No. 24-4838118
Qualified in Kings County
Certificate Filed in Kings County
Commission Expires Oct. 31, 20__

- 2 -