UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
SHERMAN GOTTLIEB,

                Plaintiff,

  -against-                           MEMORANDUM AND ORDER
                                        04-CV-4202 (ILG)

CARNIVAL CORPORATION,

                Defendant.
------------------------------------------------x

GLASSER, United States District Judge:

In this action Sherman Gottlieb ("plaintiff") alleges that Carnival Corporation ("defendant" or "Carnival") sent him unsolicited facsimiles advertising its business. Plaintiff asserts causes of action under the Telephone Consumer Protection Act ("TCPA" or the "Act"), 47 U.S.C. § 227(b)(1), and New York General Business Law ("N.Y. Gen. Bus. Law") § 396-aa. Pending before the Court is defendant's motion to dismiss.

## FACTS

The Court takes the following facts from plaintiff's amended complaint and accepts them as true as it must on a motion to dismiss. Plaintiff is a travel agent who works from his home where he has a fax machine associated with two telephone numbers. Amended Complaint ("Am. Compl.") ¶ 9. He brings this action against Carnival, a cruise company that solicits individuals throughout the United States and globally to book trips on its ships. Id. ¶¶ 8, 9. Plaintiff alleges that from early 2001 to 2004 he received over 1,000 fax advertisements from defendant. Id. ¶¶ 10, 13. On "numerous occasions," plaintiff sent faxes to defendant requesting that it cease sending

1

the unsolicited fax advertisements.  Id. ¶ 11.  Additionally, he contacted the "1-800" number listed on the unsolicited faxes to request that defendant stop sending him faxes.  Id.  Defendant continued to send facsimile advertisements to plaintiff, notwithstanding plaintiff's requests.  Id. ¶ 12.

Plaintiff commenced this action alleging that by faxing unsolicited advertisements to plaintiff, defendant violated the TCPA and N.Y. Gen. Bus. Law § 396-aa.  In Count One of the amended complaint, plaintiff seeks statutory damages of $500 per fax.  Id. ¶ 27.  In Count Two, plaintiff alleges that defendant "willfully or knowingly" sent the unsolicited faxes and that therefore the TCPA entitles him to treble damages in the amount of $1,500 per fax.  Id. ¶ 34.  In Count Three, plaintiff seeks injunctive relief against defendant on the basis of defendant's wilful violation of the TCPA.  Id. ¶ 36.  Finally, in Count Four, plaintiff alleges that defendant violated N.Y. Gen. Bus. Law § 396-aa by sending "numerous" facsimile advertisements that exceeded five pages in length which plaintiff received between 9:00 p.m. and 6:00 a.m.  Id. ¶ 40.  Additionally, plaintiff alleges that he received "numerous" faxes from defendant between 6:00 a.m. and 9:00 p.m in violation of § 396-aa.  Id. ¶ 41.  Plaintiff further alleges that defendant continued to send the faxes, notwithstanding the written notice plaintiff sent to defendant indicating that he did not wish to receive any faxes.  Id. ¶ 42.  Plaintiff seeks $100 in statutory damages pursuant to § 396-aa for each fax unlawfully sent by defendant.  Id. ¶ 44.

Defendant moves this Court for an order dismissing plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**DISCUSSION**

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court takes the facts as alleged in the complaint to be true, and must draw all reasonable inferences from those facts in favor of the plaintiff. See Ortiz v. Cornetta, 867 F.2d 146, 149 (2d Cir. 1989). "[M]otions to dismiss for [lack of] subject matter jurisdiction under Rule 12(b)(1) are reviewed under the same standards as motions to dismiss for failure to state a claim under Rule 12(b)(6)." Walker v. New York, 345 F. Supp. 2d 283, 286 (E.D.N.Y. 2004) (Hurley, J.) (citations omitted). A court must not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**I.  TCPA Claims**

The TCPA makes it unlawful "for any person within the United States, or any person outside the United States if the recipient is within the United States ... to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1)(C). The TCPA creates a private right of action:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection ... to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions.

Id. § 227(b)(3). Moreover, if a court finds that the defendant "willfully or knowingly" violated the TCPA, it may award treble damages in the amount of $1,500 per facsimile. Id.

### A. Federal Question Jurisdiction

Defendant's principal contention with regard to subject matter jurisdiction is that plaintiff's complaint does not raise a federal question on which jurisdiction can be grounded pursuant to 28 U.S.C. § 1331. Defendant asserts this argument, notwithstanding that plaintiff alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332, rather than federal question subject matter jurisdiction. See Am. Compl. ¶ 4.[1] Because the question whether federal courts have federal question jurisdiction over TCPA claims has vexed other courts and defendant devotes considerable effort to making this argument, the Court will first address federal question subject matter jurisdiction. In Foxhall Realty Law Offices, Inc. v. Telecomm. Premium Servs., Ltd., 156 F.3d 432 (2d Cir. 1998), plaintiff Foxhall brought a putative class action suit alleging that defendant faxed him an unsolicited advertisement in violation of the TCPA. Id. at 434. Defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. 975 F. Supp. 329, 330 (S.D.N.Y. 1997). The district court held that it lacked jurisdiction over plaintiff's claim because the TCPA confers exclusive jurisdiction on state courts over private causes of action brought under § 227(b)(3). Id. at 331. The Second Circuit affirmed, reaching "'the somewhat unusual conclusion that state courts have exclusive jurisdiction over a cause of action created by' a federal statute...." 156 F.3d at 434 (quoting Int'l Science & Tech. Inst. v. Inacom Communications, Inc., 106 F.3d 1146,

---

[1] Plaintiff does not dispute that this Court lacks federal question subject matter jurisdiction over his TCPA claims. See Pl. Opp. at 2-8. Indeed, plaintiff appears to concede that state courts have exclusive jurisdiction over TCPA claims. See id. at 4, 5 n.3.

1150 (4th Cir. 1997) (hereinafter "Int'l Science")).[2]

The Court gleaned Congress's intent with respect to jurisdiction over private TCPA actions from the text of the Act, specifically: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State an action...." § 227(b)(3) (emphasis added).[3] It found that language significant in light of the Act's silence as to federal court jurisdiction over private actions.[4] In holding that the statutory grant of permissive authorization of jurisdiction to state courts conferred exclusive jurisdiction over TCPA claims on those courts, the Second Circuit distinguished between state courts of general jurisdiction and federal courts of limited

---

[2] The other courts of appeal that have considered the issue – the Third, Fourth, Fifth, Ninth and Eleventh circuits – have reached the same conclusion. See Murphey v. Lanier, 204 F.3d 911 (9th Cir. 2000); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513 (3d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287 (11th Cir. 1998); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507 (5th Cir. 1997). Additionally, the Sixth Circuit recognized the "overwhelming authority" holding that state courts have exclusive jurisdiction over TCPA claims. See Dun-Rite Constr., Inc. v. Amazing Tickets, Inc., 2004 WL 3239533, at *2 (6th Cir. Dec. 16, 2004) (affirming remand to state court of complaint alleging violations of the TCPA and analogous Ohio state law because there was no basis for removal to federal court which lacked subject matter jurisdiction). Federal district courts also hold that state courts have exclusive jurisdiction over TCPA claims. See Biggerstaff v. Voice Power Telecomm., Inc., 221 F. Supp. 2d 652, 654-56 (D.S.C. 2002); Compoli v. AVT Corp., 116 F. Supp. 2d 926, 928 (N.D. Ohio 2000). But see Kenro, Inc. v. Fax Daily, Inc., 904 F. Supp. 912, 913-15 (S.D. Ind. 1995) (holding that federal question jurisdiction under 28 U.S.C. § 1331 existed over TCPA claims and that state and federal courts have concurrent jurisdiction over those claims), motion for reconsideration denied by 962 F. Supp. 1162 (S.D. Ind. 1997). In addition, New York courts have held that jurisdiction over TCPA claims rests exclusively with state courts. See Schulman v. Chase Manhattan Bank, 268 A.D.2d 174, 178 (2d Dep't 2000); Ganci v. Cape Canaveral Tour & Travel, Inc., 2004 WL 1469372, at *1 (N.Y. Sup. Ct. April 15, 2004).

[3] According to this provision, states may refuse to exercise jurisdiction over TCPA claims. See Foxhall, 156 F.3d at 438. See also Int'l Science, 106 F.3d at 1157 ("we believe Congress acted rationally in both closing federal courts and allowing states to close theirs to the millions of private actions that could be filed"). Courts interpret this provision as indicating Congress's effort to avoid any conflict with the Tenth Amendment which might be created had it coerced state courts to hear TCPA claims. See id. at 1158; see also Murphey, 204 F.3d at 914 (statutory language allowing state courts not to enforce federal right under TCPA avoids violation of the Tenth Amendment).

[4] "The TCPA presents an unusual constellation of statutory features, viz., the express creation of a private right of action, an express jurisdictional grant to state courts to entertain them, and silence as to federal court jurisdiction of private actions." Chair King, 131 F.3d at 512; see also Murphey, 204 F.3d at 914 ("the express reference to state court jurisdiction does not mean that federal jurisdiction also exists; instead, the failure to provide for federal jurisdiction indicates that there is none").

jurisdiction.

> When ... the permissive authorization extends only to courts of general jurisdiction, that authorization cannot confer jurisdiction on unmentioned courts of limited jurisdiction, which require a specific grant. If a federal statute permissively authorizes suit in federal court, that authorization does not of necessity preclude suit in state courts of general jurisdiction, which are presumed competent unless otherwise stated. But the contrary assertion cannot be true. If a statute authorizes suit in state courts of general jurisdiction through the use of the term 'may,' that authorization cannot confer jurisdiction on a federal court because federal courts are competent to hear only those cases specifically authorized.... In light of this difference between the federal and state courts, it is meaningful that Congress explicitly mentioned only state courts in 47 U.S.C. § 227(b)(3) because under usual circumstances, mentioning state courts is unnecessary to vest them with concurrent jurisdiction.

156 F.3d at 435 (quoting Int'l Science, 106 F.3d at 1151-52). The Court noted that its conclusion was not altered by the general federal question jurisdiction statute, 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." That is because the federal question jurisdiction of the inferior federal courts "depends on Congress's intent as manifested by the federal statute creating the cause of action" at issue, notwithstanding the breadth § 1331. 156 F.3d at 436 (citation and quotation marks omitted). With respect to the TCPA, the Court concluded that Congress's intent not to create federal question jurisdiction over private causes of action is manifested in § 227(b)(3), where it specifically empowered state courts to entertain such actions. Id.

The Court found further support for its conclusion that Congress intended litigants to bring suits under § 227(b)(3) in state court in another section of the TCPA. Id. The Act permits state attorneys general to bring civil actions on behalf of state residents for unsolicited calls or faxes for either injunctive or monetary relief. §

6

227(f)(1). Congress provided that federal district courts shall have exclusive jurisdiction over those actions. § 227(f)(2). Similarly, in other provisions of the Communications Act of 1934, which the TCPA amends, Congress expressly provided for concurrent jurisdiction of federal courts and state courts of general jurisdiction. See Foxhall, 975 F. Supp. 2d at 331 (listing examples).

Finally, the Second Circuit held that the purpose and legislative history of the TCPA indicates that Congress intended state courts to exercise exclusive jurisdiction over private causes of action under the Act. Specifically, the purpose of the Act was to "'protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines' ... Although over forty state legislatures had enacted measures restricting unsolicited telemarketing, these measures had limited effect because states do not have jurisdiction over interstate calls." 156 F.3d at 437 (citation omitted). Additionally, the Act's legislative history reveals that Senator Hollings, who authored the bill, made the significant statement that the private right of action would make it easier for consumers to recover damages for unsolicited advertisements in state court, specifically in small claims court where consumers could appear without an attorney. Id. See also Chair King, 131 F.3d at 513. Foxhall compels the conclusion that because state courts have exclusive jurisdiction over claims alleging violations of the Act, this Court lacks federal question subject matter jurisdiction over plaintiff's TCPA claims.

## B. Diversity Jurisdiction

In the absence of federal question jurisdiction, the Court considers plaintiff's allegations that diversity jurisdiction exists over his TCPA claims pursuant to 28 U.S.C. §§ 1332 (a) and (c). See Am. Compl. ¶ 4; see Pl. Opp. at 3. A plaintiff asserting diversity jurisdiction must show (1) complete diversity of citizenship between the parties; and (2) an amount in controversy exceeding $75,000. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). The parties in this case do not dispute that plaintiff adequately alleges diverse citizenship of the parties and the requisite amount in controversy with respect to his TCPA claims. The complaint alleges that plaintiff is a citizen of New York, where he resides, and that defendant is incorporated under the laws of Panama, with its principal place of business in Florida. Am. Compl. ¶¶ 7, 8. Additionally, plaintiff alleges that he suffered at least $500,000 in damages under the TCPA as a result of the more than 1,000 unsolicited faxes which defendant sent to him. Id. ¶ 27.

The parties do, however, dispute that federal courts have diversity jurisdiction over TCPA claims. Defendant argues that they do not because the "private right of action under the TCPA is [not] akin to a state law cause of action" to which § 1332 is applicable. See Def. Mem. at 7. As an initial matter, the Court notes that reliance on the text of § 1332(a) alone is insufficient as that section vests federal district courts with diversity jurisdiction in "all civil actions." Thus, it turns to defendant's argument that case law construing the TCPA and its legislative history compel the conclusion that federal diversity jurisdiction was similarly excluded over actions based on that Act. Although none of the courts of appeal that have ruled on federal courts' subject matter jurisdiction over TCPA claims addressed the availability of diversity jurisdiction, several

district courts have held that diversity jurisdiction may lie over TCPA claims. See Pl. Opp. at 3-5. For example, in Kopff v. World Research Group LLP, 298 F. Supp. 2d 50, 52 (D.D.C. 2003), plaintiff brought suit in state court alleging violations of the TCPA and the District of Columbia Consumer Protection and Procedures Act and a negligence claim, and seeking $78,000 in damages. Defendants then removed the action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332. Id. at 53. Plaintiff moved to remand the case to state court,[5] arguing that there was no federal question jurisdiction over the TCPA claims and that therefore there was no basis for a federal court to exercise diversity jurisdiction over those claims. Id. The court held that diversity jurisdiction is not a "general jurisdictional grant" that is circumscribed by Congress's specific jurisdictional provision in § 227(b)(3); rather, diversity jurisdiction is an independent basis for the exercise of jurisdiction by federal courts over TCPA claims. Id. at 55. Therefore, the court held that diversity jurisdiction was proper because the parties were diverse and plaintiffs alleged damages sufficient to satisfy the amount-in-controversy requirement under § 1332(a). Id. at 56. Other district courts have similarly concluded that diversity jurisdiction exists over TCPA claims. See, e.g., Jeffrey Press, Inc. v. Hartford Cas. Ins. Co., 326 F. Supp. 2d 626, 630 (E.D. Pa. 2004); Gold Seal Termite & Pest Control Co. v. DirecTV, Inc., 2003 WL 21508177, at **4-5 (S.D. Ind. June 10, 2003); Accounting Outsourcing v. Verizon Wireless Personal Communications, 294 F. Supp. 2d 834, 839-40 (M.D. La. 2003); Biggerstaff, 221 F.

---

[5] While the procedural posture of Kopff is distinguishable – there, defendants sought to have the action adjudicated in federal court, while here, defendant seeks dismissal of this case from federal court – the court's discussion of diversity of citizenship as a basis for federal court jurisdiction over TCPA claims is instructive.

Supp. 2d at 657; Kinder v. Citibank, 2000 WL 1409762, at **2-3 (S.D. Cal. Sept. 14, 2000). Significantly, Accounting and Kinder held that diversity jurisdiction exists after the courts of appeal in the circuits in which they are located held that there is no federal question jurisdiction over TCPA claims. See Accounting, 294 F. Supp. 2d at 837 (the fact that state common law claims based on the same facts as TCPA claims or claims based on the state law analogue to the TCPA could be maintained in federal court where § 1332 is satisfied suggests courts have diversity jurisdiction over TCPA claims); Kinder, 2000 WL 1409762, at *3 (exclusive state court jurisdiction even in cases where diversity of citizenship exists "would create the anomalous result that state law claims based on unlawful telephone calls could be brought in federal court, while federal TCPA claims based on those same calls could be heard only in state court").[6]

This Court is persuaded, however, that the statute and its legislative history lead to the conclusion that jurisdiction over TCPA claims resides in the state courts exclusively. A concise statement of the reason for the enactment of 47 U.S.C. § 227(b)(1)(C) which bespeaks that conclusion is found in the Legislative History of Senate Report No. 102-178 to the effect that "Federal action is necessary because States do not have the jurisdiction to protect their citizens against those who use these machines to place interstate telephone calls." S. Rep. No. 102-178, at 5 (1991). In the "Background and Need for the Legislation" section of the House of Representatives

---

[6] Defendant cites Dones v. Eastern Air Lines, Inc., 408 F. Supp. 1044, 1046 (D.P.R. 1975), and Caribou Four Corners, Inc. v. American Oil Co., 628 F. Supp. 363, 377 (D. Utah 1985), in support of its position that this Court lacks diversity jurisdiction over plaintiff's TCPA claims because it lacks subject matter jurisdiction over them. Def. Reply Mem. at 6, 7. Those cases are inapposite because they involved the exclusive jurisdiction of administrative agencies over claims under, respectively, the Emergency Petroleum Allocation Act and the National Labor Relations Act.

Report, H.R. Rep. 102-317, the reason for the legislation is similarly expressed as follows. "Many States have passed laws that seek to regulate telemarketing through various time, place and manner restrictions.... However, telemarketers can easily avoid the restrictions of State law, simply by locating their phone centers out of state." H.R. Rep. No. 102-317, at 9-10 (1991). The inference is reasonable if not irresistible that aiming as it was at the <u>interstate</u> transmission of unwanted fax transmissions, and at "telemarketers who locate their phone centers out of state," Congress was necessarily mindful of transmissions conceived in one state and landed, unwanted, in another and the diversity of jurisdiction that followed in its wake. Courts of appeal having addressed the issue have consistently held that the TCPA does not grant federal court jurisdiction over private causes of action brought pursuant to that Act. In <u>ErieNet</u>, 156 F.3d at 518, the Court went on to observe that the focus of the statements of Senator Hollings, the sponsor of the legislation, was entirely on state courts without any indication that he "contemplated private enforcement actions in federal courts," a statement that reflects and is entirely consistent with the language of the statute. "Thus, looking to the statute as a whole, and attempting to give effect to every provision, we find that the explicit reference to state courts, and the absence of any reference to federal courts reflects Congress' intent to withhold jurisdiction over such consumer suits in federal courts." <u>Id.</u>

<u>Int'l Science</u>, 106 F.3d at 1155, perhaps the most frequently cited case in this regard and the most expansively reasoned, reached the same conclusion, namely, that "the federal law that creates a cause of action may also manifest a particular intent to assign the cause of action to courts other than district courts....," and accordingly, the TCPA provided for exclusive state court jurisdiction of private actions for unsolicited

11

advertisements via facsimile machines.

In support of its motion to dismiss, the defendant urges that the following excerpt from the opinion of the Court in <u>Int'l Science</u> counsels that its motion be granted:

> [d]espite the usual reliability of the principle that a suit arises under the law that creates the cause of action, the Supreme Court has sometimes found that formally federal causes of action were not properly brought under federal-question jurisdiction.... For example, in <u>Shoshone Mining Co. v. Rutter</u>, 177 U.S. 505, 20 S. Ct. 726, 44 L. Ed. 864 (1900), the Supreme Court held that there was no federal-question jurisdiction over suits authorized by federal statute to determine mining claims. The Court found that notwithstanding the federal statutory basis, Congress intended that because of the predominance of state issues the cases be litigated in state courts <u>unless there was diversity of citizenship</u>.

<u>Id.</u> at 1154 (emphasis added) (citations and internal quotation marks omitted).

A close reading of <u>Shoshone</u>, however, does not counsel the result urged by the defendant; rather, it counsels the opposite. The suit in that case was initiated in the federal court in Idaho. With regard to the statute in question there, when

> Congress authorized that which is familiarly known in the mining regions as an 'adverse suit,' <u>it simply declared that the adverse claimant should commence proceedings in a court of competent jurisdiction. It did not in express language prescribe either a Federal or a state court</u>, and did not provide for exclusive or concurrent jurisdiction. If it had intended that the jurisdiction should be vested only in the Federal courts, it would undoubtedly have said so. <u>If it had intended that any new rule of demarcation between the jurisdiction of the Federal and state courts should apply, it would likewise undoubtedly have said so</u>. Leaving the matter as it did, it unquestionably meant that the competency of the court should be determined by rules theretofore prescribed in respect to the jurisdiction of the Federal Courts.

177 U.S. at 506-07 (emphasis added) (internal quotation marks omitted). If diversity of citizenship existed and the amount in controversy exceeded the then statutory limit, then by virtue of the "rules theretofore prescribed," the federal court would have had jurisdiction. But because diversity of citizenship did not exist, the Court held that the

12

federal court did not have jurisdiction and the case was directed to be remanded to the United States Circuit Court of the northern district of Idaho with instructions to remand the case to the state court. Id. at 514.

Here, however, Congress intended a rule of demarcation between the jurisdiction of the federal and state courts should apply and it did, undoubtedly, say so. In Foxhall, 156 F.3d at 434, the Court held "Like the Fourth Circuit, and the other circuit courts that have considered the issue before us, we too reach the somewhat unusual conclusion that state courts have exclusive jurisdiction over a cause of action created by a federal state, the Telephone Consumer Protection Act of 1991...." (emphasis added) (internal quotation marks omitted). Elaborating on that conclusion, the Court wrote:

> Thus, while it is generally true that an action that arises under a federal statute will properly be brought in federal district court, that is not always the case. Inferior federal courts' 'federal question' jurisdiction ultimately depends upon Congress's intent as manifested by the federal statute creating the cause of action.... In our view, the text of the TCPA indicates that Congress intended to assign private rights of action exclusively to courts other than the federal district courts.

Id. at 436 (emphasis added) (internal citations omitted). The Court also found it significant that where Congress wanted to provide for exclusive federal jurisdiction over suits brought by a state's attorney general on behalf of states' residents for violations of the TCPA it said so. See 47 U.S.C. § 227(f)(2) ("The district Courts of the United States ... shall have exclusive jurisdiction over all civil actions brought under this subsection.").

Concededly, neither ErieNet, Int'l Science nor Foxhall presented the issue of diversity, although diversity did, in fact, exist in Foxhall, the plaintiff's principal place of

13

business being in New York and the defendant's North American headquarters being in Edison, New Jersey.  See Brief for Appellant at 5, Foxhall Realty Law Offices, Inc. v. Telecomm. Premium Servs., Ltd., 1998 WL 34180201 (2d Cir. 1998) (No. 97-9147).  It must be assumed, however, that Int'l Science (upon which ErieNet and Foxhall relied), in citing Shoshone was familiar with its teaching which was previously alluded to, namely, that had Congress intended that a new rule of demarcation between federal and state courts should apply it undoubtedly would have said so and it did in its enactment of the TCPA.

When, in Foxhall, the Court held that state courts have exclusive jurisdiction over a cause of action created by the TCPA, and in ErieNet, that Congress intended to withhold jurisdiction over suits in federal court, and in Int'l Science, that Congress intended to authorize private enforcement of the TCPA exclusively in state courts, it must be assumed that it used its words carefully and advisedly.  Being conscious of the admonition against making a fortress out of the dictionary, the word "exclusively" requires no definition.  To conclude that when courts of appeal used the word "exclusively" to mean it does not apply to diversity jurisdiction is to conclude that "exclusively" means "exclusively" except when it does not and would be reminiscent of the colloquy between Humpty Dumpty and Alice:

> "when I use a word," Humpty Dumpty said, ... "it means just what I choose it to mean–neither more nor less."  "The question is," said Alice, "whether you can make words mean so many different things."

Lewis Carroll, Through the Looking Glass, Ch. VI.

For all those reasons, the motion to dismiss plaintiff's TCPA claims is granted.

## II. New York General Business Law § 396-aa Claim

### A. Subject Matter Jurisdiction

In addition to his TCPA claims, plaintiff asserts a claim under N.Y. Gen. Bus. Law § 396-aa (1996), New York's analogue to the federal statute.[7] See Am. Compl. Count IV. Defendant moves to dismiss plaintiff's state law claim arguing that he fails to allege the $75,000 amount in controversy required by 28 U.S.C. § 1332(a). In opposition, plaintiff concedes that he has not alleged the requisite amount in controversy with regard to his state law claim. Pl. Opp. at 8. Accordingly, the Court dismisses plaintiff's claim under N.Y. Gen. Bus. Law § 396-aa for lack of subject matter jurisdiction.[8]

### B. Failure to State a Cause of Action

In addition, plaintiff fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In moving to dismiss the claim on this ground, defendant argues that § 396-aa prohibits only unsolicited <u>intrastate</u> facsimiles, rather than <u>interstate</u> facsimiles over which New York lacks jurisdiction. Further, defendant contends that because plaintiff does not allege that he received facsimiles from within

---

[7] That section provides: "It shall be unlawful for a person, corporation, partnership or association to initiate the unsolicited transmission of telefacsimile messages promoting goods or services for purchase by the recipient of such messages.... This section shall not apply to ... transmissions not exceeding five pages received between the hours of 9:00 P.M. and 6:00 A.M. local time.... Any person who has received a telefacsimile transmission in violation of this section may bring an action in his own name to recover his actual damages or one hundred dollars, whichever is greater." § 396-aa.

[8] Plaintiff argues that this Court should exercise supplemental jurisdiction over his § 396-aa claim pursuant to 28 U.S.C. § 1367(a) because it forms part of the same case or controversy as his TCPA claims. See Pl. Opp. at 8. In light of the Court's dismissal of plaintiff's TCPA claims for lack of subject matter jurisdiction, there are no federal claims to which plaintiff's state law claim relates that provide a basis for supplemental jurisdiction. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996) ("While the district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction, see 28 U.S.C. § 1367(c)(3), it cannot exercise supplemental jurisdiction unless there is first a proper basis for original jurisdiction").

New York, his § 396-aa claim must be dismissed.  See Def. Mem. at 10.[9]

Section 227(e)(1) states that the Act does not preempt "any State law that imposes more restrictive intrastate requirements or regulations on, or which prohibits (A) the use of telephone facsimile machines or other electronic devises to send unsolicited advertisements...." (emphasis added).  Moreover, the legislative history of the TCPA indicates that Congress acted pursuant to the Commerce Clause to prohibit interstate communications where the states could not because they lack jurisdiction. See U.S. Const. Art. I, § 8, cl. 3.[10]  Congress found that "[o]ver half the States now have statutes restricting various uses of the telephone for marketing, but telemarketers can evade their prohibitions through interstate operation; therefore, Federal law is needed to control residential telemarketing practices."  § 227, Congressional Statement of Findings (7).  See also Van Bergen v. Minn., 59 F.3d 1541, 1548 (8th Cir. 1995) (congressional finding (7) "suggests that the TCPA was intended ... to provide interstitial law preventing evasion of state law by calling across state lines").  Courts recognize that Congress enacted the TCPA to supplement similar state legislation to protect the privacy interests of residential phone subscribers against unwanted interstate phone and facsimile solicitations "because states do not have jurisdiction over interstate calls."

---

[9] Nowhere in the amended complaint does plaintiff allege that he received intrastate facsimiles. Indeed, based on the citizenship of defendant (for purposes of diversity jurisdiction), it is likely that defendant sent the facsimiles from Florida where it maintains its principal place of business.

[10] While plaintiff acknowledges that the legislative history of the TCPA reveals Congress's belief that states did not have jurisdiction over interstate faxes or phone calls, he characterizes this belief as "unsubstantiated." Pl. Opp. at 9.  Yet he invokes Commerce Clause jurisprudence holding that states may enact laws affecting interstate commerce only where the laws do not discriminate against out-of-state entities.  Id.  This contention is unpersuasive because instead of providing support for the conclusion that § 396-aa applies to both interstate and intrastate communications, it merely argues that the law would be permissible if it did apply to both interstate and intrastate communications.

Foxhall, 156 F.3d at 437 (citing S. Rep. No. 178, 102nd Cong., 1st Sess. 1, 1 (1991), U.S. Code Cong. & Admin. News at 1968, 1968); see also ErieNet, 156 F.3d at 515 ("state regulation of telemarketing activity was ineffective because it could be avoided by interstate operations"); Int'l Science, 106 F.3d at 1154; Schulman, 268 A.D.2d at 175 (states do not have jurisdiction over interstate calls alleged to violate the TCPA); Giovanniello v. Hispanic Media Group USA, Inc., 780 N.Y.S.2d 720, 721 (N.Y. Sup. Ct. 2004) (citing congressional record statement that the TCPA "facilitate[s] interstate commerce by restricting certain uses of facsimile ([f]ax) machines and automatic dialers").[11]

While plaintiff is correct that § 396-aa does not expressly limit its application to claims based on intrastate facsimiles, see Pl. Opp. at 9, the Court is persuaded to join the weight of authority holding that state laws such as § 396-aa apply only to intrastate communications in view of Congress's intent that the TCPA extend the reach of state laws by regulating interstate communications. Accordingly, because plaintiff has not alleged that defendant – a Panama corporation with its principal place of business in Florida – sent him any intrastate faxes, plaintiff fails to state a claim upon which relief can be granted under N.Y. Gen. Bus. Law § 396-aa.

---

[11] In Texas v. Am. Blastfax, Inc., 121 F. Supp. 2d 1085, 1087 (W.D. Tex. 2000), the court considered whether the TCPA applies to both interstate and intrastate faxes. It concluded that the Act does apply to intrastate faxes. "Congress has authority to regulate intrastate faxes ... because telephones and telephone lines–even when used solely for intrastate purposes–are part of an aggregate interstate system and therefore are inherent instrumentalities of interstate commerce." Id. In so holding, the court recognized that "the TCPA was meant to supplement state law." Id. at 1088 n.2.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss with respect to plaintiff's TCPA claims (counts One, Two and Three) and grants defendant's motion to dismiss with respect to plaintiff's cause of action under N.Y. Gen. Bus. Law § 396-aa (Count Four).  The Court dismisses plaintiff's claims without prejudice to their renewal in state court.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: April 28, 2005
      Brooklyn, New York

s/_____
I. Leo Glasser
United States District Judge

Copies of the foregoing were sent on this day to:

Joseph Saltarelli
Hunton & Williams LLP
200 Park Avenue
New York, NY 10166

Andre Cizmarik
Edwards & Angell, LLP
750 Lexington Avenue
New York, NY 10022