Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiff Sherman Gottlieb
750 Lexington Ave.
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                          :
SHERMAN GOTTLIEB,                         :   04-CV-4202 (ILG) (VVP)
                                          :
                    Plaintiff,            :
                                          :
      -against-                           :
                                          :
CARNIVAL CORPORATION,                     :
                                          :
                    Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF SHERMAN GOTTLIEB'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION IN LIMINE TO EXCLUDE THE TESTIMONY
OF FREDERICK STEIN FOR WHICH HE LACKS PERSONAL KNOWLEDGE**

Plaintiff Sherman Gottlieb respectfully submits this memorandum of law in support of his motion in limine to exclude from trial any testimony offered by witness Frederick Stein for which he lacks personal knowledge.

## ARGUMENT

Carnival Corporation has admitted by stipulation that it sent hundreds of faxes to Mr. Gottlieb. Carnival Corporation will attempt to establish that it had Mr. Gottlieb's permission to do so. It is anticipated that they will try to establish this by calling Mr. Stein to testify at trial as to the general policies and procedures regarding creation of agency profiles at Carnival in 1999, and more specifically, the creation of Mr. Gottlieb's "travel agency profile" within Carnival in that year. It is further anticipated that Carnival will seek to have Mr. Stein testify that Mr.Gottlieb's "must have" voluntarily given his fax number to Carnival. Finally, it is anticipated that Carnival will seek to argue that because Mr. Gottlieb allegedly gave his fax number to Carnival in 1999, that this constituted consent by Mr. Gottlieb to receive countless promotional faxes. However, Mr. Stein has no personal knowledge of any of this. Mr. Stein testified at his deposition that Mr. Gottlieb's profile was created in March, 1999. (Stein Tr. at 46:23-47:16.)[1] Mr. Stein's testimony makes clear, though, that his duties did not include setting up agency profiles, that he does not claim to have set up Mr. Gottlieb's profile, and that the individuals responsible for setting up that profile are no longer employed by Carnival. (Stein Tr. 8:7-10:24, 42:13-43:4, 44:12-46:16.) Indeed, Mr. Stein did not assert that he had any responsibility for "maintaining the travel agent database which stores the travel agent's profile information," until he was promoted to director of the marketing department, which was "five or six years ago" (i.e.,

---

[1] References to "Stein Tr. at ___ " are to the April 24, 2007 deposition transcript of Frederick Stein, selected excerpts of which are annexed as **Exhibit A** to the March 1, 2010 Declaration of Zachary W. Silverman.

2001 or 2002) at the time of his deposition in April, 2007.  (Stein Tr. 10:16-11:25.)  Thus, it is undisputed that Mr. Stein was not actually involved in the creation of Mr. Gottlieb's profile in Carnival's computer system in 1999, and that Mr. Stein has no personal knowledge of how Carnival obtained Mr. Gottlieb's fax number in 1999.  Moreover, because Mr. Stein was not responsible for maintaining the travel agent database until around 2001 or 2002, he cannot have personal knowledge of the policies and procedures relating to the creation of agency profiles at Carnival in 1999, when Mr. Gottlieb's agency profile purportedly was created.  Finally, even assuming that Mr. Stein obtained that information from relevant Carnival employees, his testimony would be hearsay.

Defendant cannot introduce "sufficient evidence to support a finding that [Mr. Stein] has personal knowledge" relating to the creation of Mr. Gottlieb's travel agency profile or the manner in which Carnival obtained Mr. Gottlieb's fax number.  See Fed. R. Evid. 602.  Thus, Mr. Stein's testimony on these matters is barred by Fed. R. Evid. 602.  Courts throughout the Second Circuit are quick to bar testimony from fact witnesses which does not reflect personal knowledge.  Weitzner v. Commercial Lighting Indus., Inc., No. Cv 2005-4998, 2007 U.S. Dist. LEXIS, at *2-3 (E.D.N.Y. May 10, 2007) (witness not competent to testify under Fed. R. Evid. 602 as to conversations that he was not involved in, but had listened to on audiotape); Pro Bono Invs., Inc. v. Gerry, No. 03 Civ. 4347, 2005 U.S. Dist. LEXIS 22240, at *21-22 (S.D.N.Y. Sept. 30, 2005) (just because witness stated in his declaration that defendant had previously made requests for loans did not mean witness had personal knowledge of defendant eventually signing a Note guaranteeing repayment of those loans); Plainville Elec. Prods Co. v. Bechtel Bettis, Inc., No. 3:06cv920, 2009 U.S. Dist. LEXIS 24525, at *41-42 (D. Conn. Mar. 26, 2009) (party could not testify to how bids were scored because he was not involved in the internal discussions

related to those bids); see also Ward v. First Fed. Savings Bank, 173 F.3d 611, 618 (7th Cir. 1999) ("The Malkowski affidavit merely asserts that he is 'aware' of the alleged instruction . . . it does not reveal the source of Malkowski's awareness . . . . As such, the affidavit fails to establish that Malkowski has personal knowledge on the subject of [the] instruction."). Similarly, there is nothing in Mr. Stein's deposition transcript – or anywhere else in the record, for that matter – indicating how he would have personal knowledge of the creation of Mr. Gottlieb's travel agency profile or how Carnival obtained Mr. Gottlieb's fax number. Indeed, not having joined the department responsible for the creation of such profiles until more than four years after the creation of Mr. Gottlieb's profile, Fed. R. Evid. 602 instructs that this Court should exclude Mr. Stein's testimony in this context.

The fact that Mr. Stein gave deposition testimony as to the creation of Mr. Gottlieb's travel agency profile in a Fed. R. Civ. P. 30(b)(6) capacity, and not his individual capacity, is further evidence of his lack of personal knowledge on the topic. That Mr. Stein had to review defendant company files and records in preparation for his deposition establishes his lack of personal knowledge. C & E Servs., Inc. v. Biggs, No. 03-1857, 2008 U.S. Dist. LEXIS 31976, at *7-8 (D.D.C. Apr. 14, 2008) (where witness had previously offered 30(b)(6) testimony regarding certain company events, the court held that witness could not testify to those events at trial in light of Fed. R. Evid. 602 because the witness had learned about them from someone else and the witness was not with the company when they occurred). In C & E Servs., Inc., the Court also noted that trial testimony from a 30(b)(6) deponent could not adequately replace the testimony of those who had personal knowledge of the events at issue and who had prepared the deponent for his 30(b)(6) examination. Id. Likewise, Mr. Stein said that the "agency profile desk," a department Mr. Stein did not join until April, 2003, would have been responsible for the creation

of Mr. Gottlieb's profile in March, 1999.  As such, Carnival is required to produce at trial

person(s) working at the agency profile desk during March, 1999 and with personal knowledge

of the events at issue.  However, during discovery, Carnival failed to proffer such a witness,

failed to include such a witness on its witness list in the Pre-Trial Order and should not be

permitted to do so at this late date.

## CONCLUSION

It is hereby respectfully requested that this Court enter an Order:  (i) precluding at trial

any testimony offered by witness Frederick Stein for which he lacks personal knowledge,

including any testimony concerning the creation of Mr. Gottlieb's travel agency profile in 1999,

the means by which Carnival obtained Mr. Gottlieb's fax number in 1999, and the general

policies and procedures regarding the creation of agency profiles at Carnival in 1999; and (ii) for

such other and further relief in favor of Mr. Gottlieb and against defendant as this Court deems

just and proper.

Dated:  New York, New York
      March 1, 2010

                           Anthony J. Viola
                           Andre K. Cizmarik
                           EDWARDS ANGELL PALMER & DODGE LLP
                           Attorneys for Plaintiff Sherman Gottlieb
                           750 Lexington Ave.
                           New York, NY 10022
                           (212) 308-4411

NYC 342750.2