Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiff Sherman Gottlieb
750 Lexington Ave.
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
:
SHERMAN GOTTLIEB,                     :   04-CV-4202 (ILG) (VVP)
:
             Plaintiff,               :
:   **SHERMAN GOTTLIEB'S**
      -against-                       :   **PROPOSED JURY INSTRUCTIONS**
:
CARNIVAL CORPORATION,                 :
:
             Defendant.               :
------------------------------------- X

NYC 343133.1

## PROPOSED JURY INSTRUCTION NO. 1
## ROLES OF THE COURT AND THE JURY

It is my duty to instruct you on the law that applies to this case, and it is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you, whether or not you agree with it. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. In other words, you must decide the case solely on the evidence before you, as you promised to do by taking an oath at the beginning of this case.

You must follow all of my instructions, no matter when they were given. You cannot single out instructions to follow while ignoring others, because each instruction is equally important. My instructions will be available to you in writing in the jury room.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.01 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 2

### BURDEN OF PROOF

The plaintiff in this case is Sherman Gottlieb. I will refer to him as either "plaintiff" or "Mr. Gottlieb." The defendant in this case is Carnival Corporation, which I will refer to either as "defendant" or "Carnival."

This is a civil case, which means that plaintiff, Mr. Gottlieb, need only prove his case by the preponderance of the evidence. This means that all Mr. Gottlieb must do is show that it is more likely than not that he is entitled to judgment in his favor. It might be helpful to visualize the "preponderance of the evidence" standard as a set of balanced scales. As long as Mr. Gottlieb's evidence outweighs defendant's evidence, by however little, Mr. Gottlieb has proven his case.

If you find that Mr. Gottlieb has proved his case, you will have to consider defendant Carnival's affirmative defenses. Just as Mr. Gottlieb must prove his case by the preponderance of the evidence, the defendant Carnival must prove its affirmative defenses by the preponderance of the evidence.

Glew v. Cigna Group Ins., 590 F. Supp. 2d 395, 411 (E.D.N.Y. 2008); 1A New York Pattern Jury Instructions § 1:60 (3d Ed. 2010).

## PROPOSED JURY INSTRUCTION NO. 3

### EVIDENCE

Facts must be proved by evidence, and evidence can either be direct or circumstantial. Direct evidence is evidence of what a witness saw, heard, or did. For instance, if a witness says he saw it rain, he is offering direct evidence. You can choose whether or not to believe direct evidence. Circumstantial evidence is evidence of a fact that does not directly prove a fact in dispute, but which permits a reasonable inference or conclusion that the fact exists. For instance, if you wake up in the morning and see that the sidewalk is wet, that could be circumstantial evidence that it rained last night. You can also choose whether or not to accept circumstantial evidence as proof of a fact in dispute. The law makes no distinction between direct and circumstantial evidence. In fact, circumstantial evidence can be as strong, or even stronger, than direct evidence, depending on the respective quality and quantity of both types of evidence.

Although you can choose whether or not to believe or accept evidence, you may not speculate or guess in reaching your conclusion.

1A New York Pattern Jury Instructions § 1:70 (3d Ed. 2010); 3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.42 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 4

### WHAT IS NOT EVIDENCE

In making your decision, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. They are:

1. Arguments and statements by lawyers. These are intended to interpret the evidence, but they are not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers. Attorneys have a duty to their clients to object when they believe a question or a piece of evidence is improper according to the rules. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard. Sometimes, I will only allow evidence to be used for a limited purpose, and I will give a limiting instruction to that effect. Like all of my instructions, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You may decide the case only on the basis of evidence received at trial.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.30 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 5

## USE OF DEPOSITIONS AS EVIDENCE

During the trial, certain testimony was presented by way of deposition. A deposition consists of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 105.02 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 6

### ADVERSE INFERENCE: FAILURE TO CALL
### AVAILABLE WITNESS OR PRODUCE AVAILABLE EVIDENCE

If a party fails to call as a witness a person who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

Similarly, if a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions §§ 104.25, 104.26 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 7

## CREDIBILITY OF A WITNESS

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity to know about things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. You may also take into account the witness' bias. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.43 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 8

### IMPEACHMENT

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive right to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 105.04 (5th ed. 2000).

PROPOSED JURY INSTRUCTION NO. 9

THE PARTIES AND THEIR CONTENTIONS

Mr. Gottlieb alleges that defendant Carnival violated the Telephone Consumer Protection Act, 47 U.S.C. 227(b)(1)(C), and the New York General Business Law § 396-aa (both of which generally prohibit unsolicited telefacsimile, or "fax" advertising), by sending Mr. Gottlieb unsolicited advertisements in the form of faxes. Defendant Carnival admits that it sent hundreds of faxes to Mr. Gottlieb, but it contends that it did not violate either of these statutes because the faxes were not unsolicited. This contention forms the basis for Carnival's two affirmative defenses. An affirmative defense is a defendant's assertion of facts and arguments that, if true, would defeat a plaintiff's claim, even if the plaintiff's allegations are true. First, under the Telephone Consumer Protection Act, Carnival claims the affirmative defense that it had an "established business relationship" with Mr. Gottlieb. Also, under N.Y. Gen. Bus. Law § 396-aa, Carnival claims the affirmative defense that it has a "prior contractual or business relationship" with Mr. Gottlieb.

As I instructed you earlier Mr. Gottlieb must prove his case by a preponderance of the evidence, and if he does, defendant Carnival must prove its affirmative defenses by a preponderance of the evidence.

47 U.S.C. § 227(b)(1)(C); N.Y. Gen. Bus. Law § 396-aa; <u>Alliance Media Group, Inc. v. Mogul Media, Inc.</u>, No. 02CV5252, 2005 U.S. Dist. LEXIS, at *4 (E.D.N.Y. July 28, 2005)

PROPOSED JURY INSTRUCTION NO. 10

STIPULATION

The parties have stipulated – meaning that they have agreed – that, should you decide that Mr. Gottlieb has proved that Carnival violated the Telephone Consumer Protection Act, that Carnival sent 750 faxes in violation of that statute. The parties have also stipulated that, should you decide that Mr. Gottlieb has proved that Carnival violated the N.Y. Gen. Bus. Law § 396-aa, that Carnival sent 225 faxes in violation of that statute.

This stipulation should not affect how you decide the facts of this case. It does, however, affect the burden of proof in that Mr. Gottlieb does not need to prove – because it is admitted – that Carnival sent him faxes or the number of faxes that violate the Telephone Consumer Protection Act or N.Y. Gen. Bus. Law § 396.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.48 (5th ed. 2000).

PROPOSED JURY INSTRUCTION NO. 11

ELEMENTS OF A TELEPHONE CONSUMER PROTECTION ACT VIOLATION

Mr. Gottlieb seeks damages for defendant Carnival's violation of the Telephone Consumer Protection Act. In order to award Mr. Gottlieb damages, you need only find that the defendant used any telephone facsimile machine (a "fax machine"), computer, or other device to send unsolicited advertisements to Mr. Gottlieb's fax machine.

"Unsolicited advertisements" include any material advertising the commercial availability or quality of any goods or services, which defendant Carnival sent to Mr. Gottlieb without his prior express invitation or permission.

Remember that defendant Carnival has already stipulated to the number of faxes at issue under the Telephone Consumer Protection Act — 750 faxes. Therefore, Mr. Gottlieb does not have to demonstrate how many faxes violated the statute, but only that defendant Carnival violated the statute.

47 U.S.C. §§ 227(b)(1)(C), 227(a)(5)

## PROPOSED JURY INSTRUCTION NO. 12

## AFFIRMATIVE DEFENSE TO TCPA: ESTABLISHED BUSINESS RELATIONSHIP

Defendant asserts the "established business relationship" affirmative defense to the Telephone Consumer Protection Act. In order to find that defendant Carnival has proven its affirmative defense, you must determine that defendant Carnival has proven by a preponderance of the evidence every element of an established business relationship with Mr. Gottlieb. Those four elements are that: (i) defendant had a prior or existing relationship with Mr. Gottlieb; (ii) that relationship was formed by a voluntary, two-way communication between Mr. Gottlieb and defendant; (iii) that relationship was formed on the basis of an inquiry, application, purchase, or transaction by Mr. Gottlieb regarding products or services offered by defendant; and (iv) that relationship had not been terminated by either party. Only if defendant has demonstrated each and every one of these elements by a preponderance of the evidence can you find for defendant on its affirmative defense.

However, even if you find that Mr. Gottlieb and defendant Carnival had an established business relationship by a preponderance of evidence, you cannot find in defendant Carnival's favor on its affirmative defense for any fax that you determine that defendant Carnival sent to Mr. Gottlieb after Mr. Gottlieb requested of defendant that future communications be terminated.

Finally, any faxes sent by Carnival prior to the beginning of the established business relationship would still violate the Telephone Consumer Protection Act.

47 U.S.C. § 227(b)(1)(C)(i)-(iii); 47 C.F.R. § 64.1200(f)(5); <u>CE Design v. Prism Business Media, Inc.</u>, No. 07 C 5838, 2009 U.S. Dist. LEXIS 70712 (N.D. Ill. Aug. 12, 2009); <u>Carnett's, Inc. v. Hammond</u>, 610 S.E.2d 529, 532 n.21 (Ga. 2005); <u>Alliance Media Group, Inc. v. Mogul Media, Inc.</u>, No. 02CV5252, 2005 U.S. Dist. LEXIS, at *4 (E.D.N.Y. July 28, 2005)

14

## PROPOSED JURY INSTRUCTION NO. 13

### ELEMENTS OF A VIOLATION OF N.Y. GEN. BUS. LAW § 396-aa

Mr. Gottlieb also seeks damages for defendant's violation of New York's General Business Law § 396-aa. In order to award Mr. Gottlieb damages under this statute, you must only find that defendant initiated the unsolicited transmission of telefacsimile ("fax") messages to Mr. Gottlieb, which promoted goods or services for purchase by Mr. Gottlieb.

Remember that defendant has already stipulated to the number of faxes at issue under the N.Y. Gen. Bus. § 396-aa — 225 faxes. Therefore, Mr. Gottlieb does not have to demonstrate how many faxes violated the statute, but only that defendant violated the statute.

N.Y. Gen. Bus. Law § 396-aa.

## PROPOSED JURY INSTRUCTION NO. 14

## AFFIRMATIVE DEFENSE TO N.Y. GEN. BUS. LAW § 396-aa: PRIOR CONTRACTUAL OR BUSINESS RELATIONSHIP

Defendant Carnival asserts an affirmative defense to Gen. Bus. Law § 396-aa that it had a prior contractual or business relationship with Mr. Gottlieb. In order to find that Defendant Carnival has proven its affirmative defense, you must determine that defendant Carnival has proven by a preponderance of the evidence that Carnival had a prior contractual or business relationship with Mr. Gottlieb.

However, even if you find that Mr. Gottlieb and defendant had a prior contractual or business relationship by a preponderance of evidence, you cannot find for defendant on this affirmative defense for any fax that you determine that defendant Carnival sent to Mr. Gottlieb anytime after Mr. Gottlieb clearly indicated to Carnival either verbally, in writing, or electronically, that he did not want to receive fax messages from the defendant.

Finally, any faxes sent by Carnival prior to the beginning of the contractual or business relationship would still violate Gen. Bus. Law § 396-aa.

N.Y. Gen. Bus. Law § 396-aa.

## PROPOSED JURY INSTRUCTION NO. 15

### KNOWING OR WILLFUL VIOLATION

Assuming you find that defendant Carnival violated the Telephone Consumer Protection Act, you must then decide whether defendant Carnival acted knowingly or willfully when it did so. A defendant knowingly or willfully violates the Telephone Consumer Protection Act when it consciously commits the acts that constitute a violation of the Telephone Consumer Protection Act. It is not necessary for the defendant to be aware that it is violating the Telephone Consumer Protection Act in order for it to commit a willful or knowing violation. It is not necessary for the defendant to have an intent to violate the Telephone Consumer Protection Act in order for it to commit a willful or knowing violation. Rather, the defendant need only be aware that it is committing the act that constitutes a violation.

If you find that defendant Carnival has either knowingly or willfully violated the Telephone Consumer Protection Act, you must determine the amount per fax to be awarded on account of such violations. Under the Telephone Consumer Protection Act you may award any amount up to $1,500, but may not award less than $500.

47 U.S.C. § 227(b)(3); 47 U.S.C. § 312(f)(1); Irvine v. Akron Beacon Journal, 770 N.E.2d 1105 (Ohio Ct. App. 2002); Zeid v. The Image Connection, Ltd., No. 01AC-002885 (Mo. Cir. 2001); In re Southern California Broadcasting Co., 6 F.C.C.R. 4387, 4387-88 (1991); In re Valley Page, 12 F.C.C.R. 3087, 3088-89 (1997); Dynasty Mortgage, L.L.C., 22 F.C.C.R. 9453, 9470 n.86 (2007); Charvat v. Ryan, 879 N.E.2d 765, 770-71 (Ohio 2007); Covington & Burling v. Int'l Mktg. & Research, No. Civ.A. 01-0004360, 2003 WL 21384825, at*8 (D.C. Super. Apr. 17, 2003).

## PROPOSED JURY INSTRUCTION NO. 16

### DELIBERATION

When you retire to deliberate, you should elect one member of the jury as your foreperson. That person will preside over deliberations and speak for you here in court. You will then discuss the case with your fellow jurors until you reach a unanimous agreement.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully and with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if discussions with your fellow jurors persuades you, but do not change your mind simply because other jurors think it is wrong.

While it is important for you to reach a unanimous verdict, you must do so having made your own, conscientious decision. Do not change your honest belief about the weight of the evidence simply to reach a verdict.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 106.01 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 17

## COMMUNICATIONS WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note via the Marshall, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

All other persons, including the Marshalls, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Also, you are never to reveal to any person – not even me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 106.08 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 18

### VERDICT FORMS

A verdict form has been prepared for your convenience. You will take this form to the jury room with you for deliberations. You will note that each of the "interrogatories" or questions call for a "yes" or "no" response or a dollar amount. The answer to each question must be the unanimous answer of the jury. The foreperson must write the unanimous answer of the jury in the space provided at the end of each question, and will date and sign the verdict form when completed.

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions §§ 106.06, 106.07 (5th ed. 2000).

Dated: New York, New York
       March 1, 2010

                                        /s/ Andre K. Cizmarik
                                        Anthony J. Viola
                                        Andre K. Cizmarik
                                        EDWARDS ANGELL PALMER & DODGE LLP
                                        Attorneys for Plaintiff Sherman Gottlieb
                                        750 Lexington Avenue
                                        New York, NY 10022
                                        (212) 308-4411