# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue  New York, NY  10022  212.308.4411  *fax* 212.308.4844  eapdlaw.com

Andre K. Cizmarik
212.912.2731
*fax* 888-325-9598
acizmarik@eapdlaw.com

March 1, 2010

**VIA ECF**

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   <u>Gottlieb v. Carnival, 04-cv-4202 (ILG) (VVP)</u>

Dear Judge Glasser:

We represent plaintiff Sherman Gottlieb. Pursuant to the Civil Pretrial Order, dated November 3, 2009 (Docket No. 70), we are simultaneously filing the following documents:

1. [Proposed] Joint Pretrial Order;

2. Plaintiff Sherman Gottlieb's Pretrial Memorandum of Law;

3. Plaintiff Sherman Gottlieb's Notice of Motion, Memorandum of Law in Support of Motion in Limine to Exclude the Testimony of Frederick Stein for Which He Lacks Personal Knowledge, together with the supporting Declaration of Zachary Silverman, dated March 1, 2010;

4. Plaintiff Sherman Gottlieb's Proposed Voir Dire;

5. Plaintiff Sherman Gottlieb's Proposed Jury Instructions; and

6. Plaintiff Sherman Gottlieb's Proposed Verdict Form (attached).

For the reasons set forth in his Pretrial Memorandum of Law, plaintiff maintains that the factual determination of whether defendant Carnival acted willfully or knowingly is a question for the jury. As such, all issues are properly triable by a jury and plaintiff does not intend to submit any proposed findings of fact, conclusions of law or an order of judgment. To the extent that the

# EDWARDS ANGELL PALMER & DODGE LLP

The Honorable I. Leo Glasser
March 1, 2010
Page 2

Court does not submit the entire case to the jury, we respectfully request the right to submit proposed findings of fact and conclusions of law within a reasonable period of time after the trial has concluded.

Respectfully submitted,

Andre K. Cizmarik

Attachment

cc:   Joseph J. Saltarelli, Esq. (via ECF)

Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiff Sherman Gottlieb
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
SHERMAN GOTTLIEB,                            04-CV-4202 (ILG) (VVP)

                Plaintiff,
                                                 **PLAINTIFF SHERMAN GOTTLIEB'S**
   -against-                                **PROPOSED VERDICT SHEET**

CARNIVAL CORPORATION,

                Defendant.
------------------------------------- X

       Plaintiff Sherman Gottlieb requests the Court to submit the following verdict form to the jury:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------ X
SHERMAN GOTTLIEB,                    :     04-CV-4202 (ILG) (VVP)
                                     :
                    Plaintiff,       :
                                     :     **VERDICT SHEET**
      -against-                      :
                                     :
CARNIVAL CORPORATION,                :
                                     :
                    Defendant.       :
------------------------------------ X

     We, the jury, unanimously find based on the evidence before us and in accordance with the Court's instructions on the law as follows:

A.     Federal Telephone Consumer Protection Act ("T.C.P.A.") claims

    1.     Did plaintiff Sherman Gottlieb prove by a preponderance of the evidence that faxes – which Carnival Corporation has stipulated that it sent to him – were unsolicited and advertised the commercial availability or quality of any property, goods or services in violation of the T.C.P.A.?

        Yes _____     No _____

Go to Question No. 2.


    2.     Did defendant Carnival Corporation prove by a preponderance of the evidence that it had a prior or existing business relationship with Mr. Gottlieb?

        Yes _____     No _____

Go to Question No. 3.

-2-

3.  Did defendant Carnival Corporation prove by a preponderance of the evidence that any prior or existing business relationship between Carnival and Mr. Gottlieb was formed by a voluntary two-way communication between Mr. Gottlieb and Carnival?

   Yes  _____     No  _____

Go to Question No. 4.

4.  Did defendant Carnival Corporation prove by a preponderance of the evidence that any prior or existing business relationship was formed on the basis of an inquiry, application, purchase or transaction by Mr. Gottlieb regarding products or services offered by defendant?

   Yes  _____     No  _____

Go to Question No. 5.

5.  Did defendant Carnival Corporation prove by a preponderance of the evidence that any prior or existing business relationship had not been terminated by either Mr. Gottlieb or Carnival.

   Yes  _____     No  _____

If your answer is "Yes," to each of Question Nos. 2, 3, 4 and 5, please go to Question No. 6. If you answered "No" to any of Question Nos. 2, 3, 4 or 5, please skip Question No. 6 and go directly to Question No. 7.

6. What is the earliest date by which defendant Carnival Corporation proved by a preponderance of the evidence that it had an "established business relationship" with plaintiff Sherman Gottlieb? _____

Go to Question No. 7.

7. Did defendant Carnival Corporation prove by a preponderance of the evidence that prior to sending faxes to Mr. Gottlieb, it had Mr. Gottlieb's express invitation or permission to do so?

   Yes _____   No _____

If your answer is "Yes," go to Question No. 8; if your answer is "No," skip Question No. 8 and proceed directly to Question No. 9.

8. What is the earliest date by which defendant Carnival Corporation proved by a preponderance of the evidence that it had Mr. Gottlieb's express invitation or permission to send him faxes? _____

Go to Question No. 9.

9. Did plaintiff Sherman Gottlieb prove by a preponderance of the evidence that some of the letters or faxes which he sent to defendant Carnival Corporation instructing Carnival to stop sending him faxes were among the documents that Mr. Gottlieb gave to his former attorney, Louis Mauriello, and were then lost by Mr. Mauriello?

   Yes _____   No _____

Go to question No. 10.

10. Did plaintiff Sherman Gottlieb prove by a preponderance of the evidence that he telephoned defendant Carnival Corporation on one or more occasion and asked Carnival to stop sending him faxes which Carnival Corporation has stipulated that it sent to him?

Yes _____     No _____

If your answer is "Yes," go to Question No. 11. If your answer is "No," please skip Question No. 11 and proceed directly to Question No. 12.

11. Please indicate the earliest date that plaintiff Sherman Gottlieb proved by a preponderance of the evidence that he telephoned defendant Carnival Corporation and asked it to stop sending him faxes: _____.

Go to Question No. 12.

12. Did plaintiff Sherman Gottlieb prove by a preponderance of the evidence that he sent one or more letters to defendant Carnival Corporation asking Carnival to stop sending him faxes which Carnival Corporation has stipulated that it sent to him?

Yes _____     No _____

If your answer is "Yes," go to Question No. 13. If your answer is "No," please skip Question No. 13 and proceed directly to Question No. 14.

13. Please indicate the earliest date that plaintiff Sherman Gottlieb proved by a preponderance of the evidence that he sent a letter to defendant Carnival Corporation asking Carnival to stop sending him faxes: _____.

Go to Question No. 14.

14. Did plaintiff Sherman Gottlieb prove by a preponderance of the evidence that defendant Carnival Corporation <u>knowingly</u> sent facsimiles to him in violation of the T.C.P.A.?

    Yes  _____        No _____

    Go to Question No. 15.

15. Did plaintiff Sherman Gottlieb prove by a preponderance of the evidence that defendant Carnival Corporation <u>willfully</u> sent facsimiles to him in violation of the T.C.P.A.?

    Yes  _____        No _____

    Go to Question No. 16.

16. If you answered "Yes" to <u>either</u> Question No. 14 or Question No. 15, please indicate an amount per fax which should be awarded to plaintiff Sherman Gottlieb. Under the T.C.P.A., this may be any amount up to $1,500 but may not be less than $500.  $_____.

    Go to Question No. 17.

<u>New York General Business Law 396-aa claims</u>

17. Did plaintiff Sherman Gottlieb prove by a preponderance of the evidence that defendant Carnival Corporation sent Mr. Gottlieb faxes which promoted goods or services for purchase by Mr. Gottlieb?

    Yes  _____        No _____

If your answer is "Yes," go to Question No. 18; if your answer is "No," sign and date the verdict form and ring for the Marshall.

18. Did defendant Carnival Corporation prove by a preponderance of the evidence that it had a prior business or contractual relationship with Mr. Gottlieb?

Yes _____     No _____

If your answer is "Yes," go to Question No. 19; if your answer is "No," skip Question No. 19 and sign and date the verdict form and ring for the Marshall.

19. What is the earliest date by which defendant Carnival Corporation proved, by a preponderance of the evidence, that it had a prior business or contractual relationship with Mr. Gottlieb? _____

Sign and date the verdict form and ring for the Marshall.

Dated: March \_\_\_, 2010

_____
FOREPERSON

-7-

Dated: New York, New York
       March 1, 2010

                              Respectfully Submitted,

                              EDWARDS ANGELL PALMER & DODGE LLP

                              _/s/ Andre K. Cizmarik_
                              Anthony J. Viola
                              Andre K. Cizmarik
                              Attorneys for Plaintiff Sherman Gottlieb
                              750 Lexington Avenue
                              New York, NY 10022
                              (212) 308-4411

NYC 343282.1