Joseph J. Saltarelli
Victor L. Prial
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York  10166
(212) 309-1000

Attorneys for Carnival Corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
SHERMAN GOTTLIEB,                                        :
                                                         :
                        Plaintiff,                       :
                                                         :
        - against -                                      :   04-CV-4202 (ILG) (VVP)
                                                         :
CARNIVAL CORPORATION,                                    :
                                                         :
                        Defendant.                       :
---------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## CARNIVAL CORPORATION'S *IN LIMINE* MOTIONS

Pursuant to Section (c) of the Court's Civil Pretrial Order, filed November 3, 2009, Defendant Carnival Corporation ("Carnival") respectfully submits this Memorandum of Law in support of its motions *in limine*.

### Argument

A.   Plaintiff's Proposed Exhibit 24 Should Be Precluded

Plaintiff's proposed Exhibit 24 is a purported "compendium" of promotional flyers which Carnival sent to Plaintiff. The exhibit should be precluded. While it is appropriate for a representative sample of the flyers to be admitted in evidence, e.g., Plaintiff's proposed Exhibit 25, submission of a "compendium" of hundreds of flyers is completely unnecessary since the parties have stipulated that for all purposes related to any determination of Plaintiff's TCPA

claim, the number of faxes is fixed at 750.  (See Declaration of Joseph J. Saltarelli, executed March 1, 2010 ("Saltarelli Dec."), Exs. A, B).

Although Plaintiff is seeking enhanced damages in this case, any determination of that issue depends upon evidence that Carnival knowingly and willfully "violated" the TCPA, see Carnival Trial Brief at 18-19, not the number of faxes sent, which has in any event been fixed by stipulation for all purposes related to any determination of liability.

Moreover, Plaintiff and Carnival have agreed that the issue of enhancement of damages is for the Court, not the jury, to decide.  See Proposed Joint Pre-Trial Order, filed October 23, 2009 ¶¶ 4.A.1.b; 5.  In the event of a jury verdict adverse to Carnival, there will be ample opportunity to supplement the record with the "compendium" if the Court deems it appropriate in connection with its consideration of Plaintiff's request for enhanced damages.

Finally, it is clear that in seeking to introduce his "compendium" of hundreds of faxes, Plaintiff is hoping to inflame the jury and prejudice Carnival.  The issue of liability in this case will not depend upon the jury's review of hundreds of faxes with essentially identical content.

For all these reasons, there is no need to have the jury consider a "compendium" of faxes and Plaintiff's proposed Exhibit 24 should be precluded.

B.   Testimony Regarding Plaintiff's Malpractice Lawsuit Against His Former Attorney Should Be Precluded, and the Former Attorney's Testimony Should Be Limited

Plaintiff should be precluded from presenting any evidence through his own testimony or that of his former attorney, Louis Mauriello, to the effect that Mr. Mauriello "negligently lost" unspecified hundreds of copies of the faxes.  Plaintiff first raised the issue of Mr. Mauriello's potential testimony during pre-trial proceedings before Magistrate Judge Viktor V. Pohorelsky in early 2009.  Plaintiff suggested that the former attorney's testimony might be necessary to help him establish the number of faxes for which statutory damages was being sought, which at that

time exceeded 1300. However, that factual issue has been resolved by the parties' stipulation, entered into on July 2, 2009, which fixes the number of faxes at issue under the TCPA at 750, and the number of faxes at issue under § 396-aa of the General Business Law at 225. Indeed, the parties' stipulation is Plaintiff's proposed Exhibit 1.

Thus, testimony from either Plaintiff or Mr. Mauriello estimating the number of faxes in the file allegedly lost by Mr. Mauriello is totally irrelevant in light of the parties' stipulation as to the number of faxes at issue, and would only serve to confuse, mislead or prejudice the jury.

Additionally, Plaintiff should be precluded from presenting any evidence through his own testimony or that of Mr. Mauriello, to the effect that Plaintiff has sued Mr. Mauriello for legal malpractice as a result of his allegedly losing Plaintiff's file. The fact of that lawsuit, which is still pending, bears no relevance to any contested issue in this case. Here again, Plaintiff's purpose is solely to inflame and win sympathy from the jury, not to present evidence of any relevant issue in dispute. By Order, filed February 17, 2010 (Docket No. 73), the Court already has ruled inadmissible Plaintiff's proposed exhibits 22 and 23, which are, respectively, copies of Plaintiff's malpractice complaint and Mr. Mauriello's answer.

The only portion of Mr. Mauriello's proposed testimony that bears any relevance to a contested issue at trial relates to Plaintiff's assertion that the file allegedly lost by Mr. Mauriello contained Plaintiff's only copies of "cease and desist" requests that Plaintiff allegedly faxed to Carnival. According to Plaintiff's witness narrative in the Joint Pre-Trial Order being submitted today, Mr. Mauriello will not corroborate Plaintiff's testimony but will only testify that he cannot dispute the assertion that the file contained such documents. Mr. Mauriello's trial testimony should accordingly be limited to the facts surrounding his alleged misplacing of the file given to him by Plaintiff for purposes of exploring litigation against Carnival.

C.  Plaintiff's Proposed Exhibits 10 and 11 Should Be Precluded

Plaintiff's proposed exhibits 10 and 11 are, respectively, copies of Carnival's confidential document retention and e-mail retention policies. Saltarelli Dec. Exs. C, D. In 2009, again in connection with the issue of the number of faxes potentially actionable in this case, Plaintiff raised before Magistrate Judge Pohorelsky the possibility of moving for an order of preclusion based on Carnival's alleged destruction of computer records recording faxes sent to SMG Travel (one or more computer tapes had been lost prior to the litigation, as Carnival's Rule 30(b)(6) representative, Fred Stein, fully testified to during his deposition). No such motion was ever brought, however, and the parties worked together to reach agreement as to the number of potentially actionable faxes during the applicable statute of limitations period: September 28, 2000, four years prior to the filing of suit, see 28 U.S.C. § 1658, and April 20, 2003, when Carnival stopped faxing the flyers.

Plaintiff may be seeking to introduce evidence of Carnival's 4-year document retention policy in an effort to plant speculation in the minds of jurors that his alleged "cease and desist" faxes to Carnival were destroyed. But other than his oral testimony, Plaintiff has no evidence that such documents ever existed. Moreover, his deposition testimony was that he sent such faxes to Carnival in early 2001, Saltarelli Aff., Ex. E, which was within four years of his filing suit on September 28, 2004, so the documents would not have been subject to destruction under the existing policy in any event. There is absolutely no evidence that such alleged cease and desist communications were ever received or destroyed by Carnival, and any suggestion to the contrary is rank speculation.

Finally, the one document Plaintiff has proffered allegedly asking Carnival to stop faxing the flyers, proposed exhibit 20, is dated March 22, 2001, id., Ex. F, also well within the four year

document retention period. Since Carnival has no record of receiving this document, Plaintiff's purpose in seeking the admission in evidence of the document retention policies is a subterfuge designed to sow speculation and surmise in the jurors' minds regarding the possible destruction of Plaintiff's alleged cease and desist letters to Carnival, including but not limited to proposed trial exhibit 20.

Carnival's document and e-mail retention policies bear no relevance to any contested issue in the case, and they should be precluded.

D.   Plaintiff's Proposed Exhibit 19 Should Be Precluded

Finally, Plaintiff's proposed exhibit 19 is a discovery pleading, Carnival's response to Plaintiff's request for documents. Saltarelli Dec., Ex. G. Consistent with the Federal Rules of Civil Procedure, the response was signed by Carnival's counsel (no verification by any officer of Carnival being required), and sets forth legal objections as well as responses to the requests. The response was never the subject of any discovery motion by Plaintiff. It is unclear what relevance Carnival's discovery pleading bears to any contested issue of fact in this case, especially in light of the stipulation regarding the number of faxes. Proposed exhibit 19 should also be precluded.

### Conclusion

Carnival respectfully requests that the Court grant the foregoing motions *in limine*.

Dated: New York, New York
       March 1, 2010

Respectfully Submitted,
HUNTON & WILLIAMS LLP

By: _____
Joseph J. Saltarelli
Victor L. Prial
200 Park Avenue
New York, New York 10166
(212) 309-1000

Attorneys for Carnival Corporation

## DECLARATION OF SERVICE

Bradford C. Mulder, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am the Managing Clerk for the law firm of Hunton & Williams LLP, attorneys for Defendant Carnival Corporation.

On March 1, 2010, I served a true copy of the attached Memorandum of Law in Support of Carnival Corporation's *In Limine* Motions, on counsel of record for Plaintiff, at the address listed below, via the Court's ECF System.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 1, 2010

Bradford C. Mulder

TO: Andre K. Cizmarik, Esq.
Anthony J. Viola, Esq.
Edwards & Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, New York 10022
acizmarik@eapdlaw.com
aviola@eapdlaw.com

*Attorneys for Plaintiff Sherman Gottlieb*