Joseph J. Saltarelli
Victor L. Prial
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York  10166
(212) 309-1000

Attorneys for Carnival Corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

SHERMAN GOTTLIEB,

                    Plaintiff,

        - against -                     04-CV-4202 (ILG) (VVP)

CARNIVAL CORPORATION,

                    Defendant.

-----------------------------------------------------X

## CARNIVAL CORPORATION'S RESPONSE TO
## PLAINTIFF'S PRETRIAL MEMORANDUM OF LAW

Defendant Carnival Corporation ("Carnival") respectfully submits this Response to

Plaintiff's Pretrial Memorandum of Law, limited to Plaintiff's argument that he is entitled to

have the jury decide whether any statutory damages awarded in this case should be enhanced

pursuant to 47 U.S.C. § 227(b)(3).  Plaintiff's assertion is erroneous, and contradicts his prior

position that the issue of enhanced damages is for the Court, not the jury, to determine, set forth

as recently as October 23, 2009, in the parties' [Proposed] Joint Pre-Trial Order, at ¶¶ 4.A.1.b,

and 5 (Docket No. 69).  Plaintiff's *volte face* on this issue came without any notice to Carnival,

which submitted its Trial Brief, Proposed Jury Instructions, and motions *in limine,* all on the

previously undisputed premise that the matter of enhanced damages (if relevant at all) would be

determined by the Court, not the jury.

<u>Argument</u>

Throughout the course of this litigation, Plaintiff has consistently taken the position that enhancement of any statutory damages which might be awarded would be for the Court, not the jury, to determine.  As noted above, Plaintiff acknowledged as much in the parties' [Proposed] Joint Pre-Trial Order ¶¶ 4.A.1.b; 5, filed on October 23, 2009 (Docket No. 69).

In his Pretrial Memorandum of Law (page 6), however, Plaintiff argues for the first time that the issue of enhanced damages under the TCPA should be decided by the jury, not the Court. Plaintiff cites two decisions, <u>Feltner v. Columbia Pictures Television, Inc.</u>, 523 U.S. 340 (1998), and <u>Irvine v. Akron Beacon Journal</u>, 770 N.E.2d 1105 (Ohio Ct. App. 2002), but neither decision supports the conclusion that the jury in this case, rather than the Court, should decide if enhanced statutory damages are appropriate under 47 U.S.C. § 227(b)(3).

At the outset, it is worth noting that Plaintiff has cited no federal court decision, and Carnival has found none, which holds that the issue of enhanced damages under § 227(b)(3) of the TCPA is a question for the jury and not the court.

The specific question decided in <u>Feltner</u> was whether a plaintiff suing for copyright infringement is entitled to have a jury decide the amount of "statutory damages" available under 17 U.S.C. § 504(c).[1]  The Supreme Court first concluded that the plaintiff was not entitled to a jury assessment of damages based on the language of § 504(c) itself, because that section does not mention the right to trial by jury, refers to the court's "discretion," and because the word "court" "appears [in context] to mean judge."  523 U.S. at 345-46.

Similarly here, § 227(b)(3) of the TCPA makes no mention of a jury in connection with the assessment of statutory or enhanced damages, and expressly states that "*the court may*, in its

---

[1] Section 504 of the Copyright Act allows a copyright owner to elect to recover actual damages or statutory damages.  17 U.S.C. § 504(a), (c).

discretion," enhance the amount if "*the court finds* that the defendant willfully or knowingly violated this subsection." 47 U.S.C. § 227(b)(3) (emphasis added). Plaintiff does not argue that any language in § 227(b)(3), or in the legislative history of the TCPA, evinces Congress's intent that juries are to determine whether to grant and, if so, the extent of, enhanced damages under the TCPA. To the contrary, Plaintiff's steadfast position until now has been that the issue is one for the Court alone to decide.

Feltner held that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." 523 U.S. at 355. In reaching that conclusion, the Supreme Court applied the settled standard that the Seventh Amendment right to a jury trial attaches "not only to common-law causes of action, but also 'to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century.'" Id. at 348 (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989)).

The Supreme Court noted that, in determining "whether a statutory action is more analogous to cases tried in courts of law than to suits tried in courts of equity or admiralty, [the court] examine[s] both the nature of the statutory action and the remedy sought," 523 U.S. at 348. It went on to examine the history of copyright infringement suits under English common law, finding that such suits were often tried in law courts, and before juries who determined the amount of damages. Id. at 348-54.

In contrast here, there is no historical antecedent in the late 18th century to the statutory right found in the TCPA to recover penalties for the "faxing" of unsolicited advertisements, nor, concomitantly, is there any evidence that juries traditionally determined the amount of penalties for violating a statute like the TCPA. Plaintiff does not argue otherwise. For these reasons, the

Supreme Court's decision in <u>Tull v. United States</u>, 481 U.S. 412 (1987) seems more apposite to the issue raised by Plaintiff's change of position on the treble damages sought under § 227(b)(3).

In <u>Tull</u>, the question presented was whether the Seventh Amendment guaranteed the plaintiff a jury trial on the issues of liability as well as the amount of any statutory penalty under the Clean Water Act. <u>Id.</u> at 414. The Supreme Court analogized the Clean Water Act claim to either an action to collect a debt or one to abate a public nuisance, but said the more important question was whether to characterize the nature of the relief sought as legal, in which case the jury trial right attaches, or equitable, in which case it does not. <u>Id.</u> at 421. It went on to conclude that at common law a civil penalty had been recoverable in the law courts and, thus, the Seventh Amendment guaranteed a jury trial "to determine [] liability" on a claim brought under the Clean Air Act. <u>Id.</u> at 425.

The Supreme Court also concluded in <u>Tull</u>, however, that with respect to an assessment of the amount of the civil penalty, the Seventh Amendment question "must depend on whether the jury must shoulder this responsibility . . . to preserve the substance of the common-law right of trial by jury." <u>Id.</u> at 425-26 (citation and internal quotation marks omitted). In answering that question in the negative, the Court held that a "jury role" in "determin[ing] the remedy in a trial in which it must determine liability" is not "necessary to preserve the substance of the common-law right of trial by jury," and that assigning "the determination of the amount of civil penalties to trial judges," as Congress did in the Clean Water Act (and in the TCPA), "does not infringe on the constitutional right to a jury trial." <u>Id.</u> at 425-26.

The Supreme Court also noted that, based on the legislative history of the Clean Water Act, it appeared that Congress intended for judges to perform the "discretionary calculations" necessary to award civil penalties. <u>Id.</u> at 425. Similarly in this case, nothing in the legislative

history of the TCPA indicates that Congress intended for juries, rather than judges, to exercise the "discretion" required to determine whether to award treble damages. To the contrary, it appears Congress intended TCPA actions to be litigated exclusively in state courts, "preferably in small claims court" "or a similar court [that] would allow the consumer *to appear before the court* without an attorney." 137 Cong. Rec. S. 16205-16206 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings) (emphasis added), cited in <u>Foxhall Realty Law Offices v. Telec. Prem. Serv.</u>, 156 F.3d 432, 437 (2d Cir. 1998); <u>Schulman v. Chase Manhattan Bank</u>, 268 A.D.2d 174, 178, 710 N.Y.S.2d 368 (2d Dep't 2000). Juries are not typically empanelled in small claims or "similar" courts where the parties are not even represented by counsel.

The Supreme Court in <u>Tull</u> went on to hold that "a determination of a civil penalty is not an essential function of a jury trial, and that the Seventh Amendment does not require a jury trial for that purpose in a civil action." 481 U.S. at 427.

Thus, while Plaintiff may be entitled under the Seventh Amendment to a jury trial on the issue of liability in this case, he is not entitled to have the jury determine the amount of statutory damages or whether any award should be trebled pursuant to § 227(b)(3), such statutory damages unquestionably being civil penalties that are punitive in nature. See <u>Kopff v. Roth</u>, No. 05-798 (JDB), 2007 WL 1748918, at *2 (D.D.C. June 15, 2007) (TCPA contains "a statutory damages remedy that far exceeds actual damages and is fundamentally punitive in nature"). [2]

---

[2] Plaintiff's reliance upon <u>Irvine v. Akron Beacon Journal</u>, 770 N.E.2d 1105 (Ohio Ct. App. 2002) is misplaced. That decision upheld a jury's award of treble damages after applying a cursory analysis of <u>Feltner</u>, <u>id.</u> at 1119-20, and concluding, erroneously, that the "determination of a plaintiff's entitlement to treble damages under the [TCPA], . . . *requires a mere factual finding*, whether the defendant's violation was willful and knowing." <u>Id.</u> at 1120 (emphasis added). The italicized statement is plainly incorrect since treble damages are not automatic upon a finding of a willful or knowing violation but, rather, are wholly discretionary. See 47 U.S.C. § 227(b)(3) ("If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the

Finally, Plaintiff's argument ignores the fact that, insofar as this Court is exercising diversity jurisdiction, the Erie doctrine requires that New York substantive law be applied to his TCPA claim.  See Bonime v. Avaya, Inc., 547 F.3d 497, 501 (2d Cir. 2008) (applying New York substantive law to a TCPA claim).  For example, under Erie, state substantive law controls a federal district court's review of jury verdicts even when the right to trial by jury is exercised pursuant to the Seventh Amendment.  Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427-39 (1996) (holding that federal district courts sitting in diversity must apply New York's jury verdict review standard set forth in CPLR 5501, despite limitations ordinarily imposed by the Seventh Amendment).

As Justice Ginsburg noted in Gasperini, where "a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, as far as legal rules determine the outcome of a litigation, as it would be if tried in a State court."  Id. at 428 (citations and internal quotation marks omitted).[3]  Thus, the question of whether the jury should determine enhanced damages in this TCPA case is really one of substantive New York law.

Carnival has found no New York precedent holding that the jury, rather than the court, determines whether treble damages should be awarded pursuant to § 227(b)(3) of the TCPA.  Reported New York decisions addressing treble damages under § 227(b)(3) have only involved determinations by the court, in the context of summary judgment, e.g., Stern v. Bluestone, 47

---

amount of the award . . . .").  As noted in Carnival's Trial Brief, at 19, even the requisite factual finding does not require an enhancement of statutory damages.  See Kopff v. Roth, No. 05-798 (JDB), 2007 WL 1748918, at *2 (D.D.C. June 15, 2007); Kaplan v. First City Mortgage, 183 Misc. 2d 24, 29, 701 N.Y.S.2d 859, 864 (City Ct. Rochester 1999).

[3] Of course, jurisdiction in both Feltner (Copyright Act) and Tull (Clean Water Act) was based on the federal question statute, 28 U.S.C. § 1331, and not solely on diversity jurisdiction as is this case.

A.D.3d 576, 850 N.Y.S.2d 90 (1ˢᵗ Dep't 2008), rev'd, 12 N.Y.3d 873, 883 N.Y.S.2d 782 (2009);

Rudgayzer & Gratt v. Enine, Inc., 4 Misc. 3d 4, 779 N.Y.S.2d 882 (2d Dep't App. Term 2004);

Kaplan v. First City Mortgage, 183 Misc. 2d 24, 701 N.Y.S.2d 859 (City Ct. Rochester 1999),

and none even hints that the question of enhanced damages is one for determination by a jury.

Cases addressing analogous treble damages provisions under New York law, however,

are instructive, and suggest that New York courts would not construe § 227(b)(3) to allow juries

to determine whether to award enhanced TCPA damages.  In Lyke v. Anderson, 147 A.D.2d 18,

541 N.Y.S.2d 817 (2d Dep't 1989), for example, the Appellate Division, Second Department,

interpreted § 853 of the Real Property Actions and Proceedings Law, which provides a statutory

basis to recover damages for unlawful entry or detainer and states that any person unlawfully

ejected or kept out of a residence "is entitled to recover treble damages in an action therefor

against the wrong-doer."

The action had been tried to a jury, which awarded compensatory damages.  The trial

court then trebled the damages based on its conclusion that trebling was mandatory under § 853.

On appeal, the Second Department disagreed, holding that § 853 left "the question of whether

treble damages should be awarded to the discretion of the court."  Id. at 27, 541 N.Y.S.2d at 823.

Thus, a treble damages statute that makes no reference to the respective roles of court and jury in

awarding damages, and uses language arguably mandatory in nature, is nevertheless interpreted

under New York law as allowing the jury to determine damages but requiring the court, not the

jury, to exercise its discretion in determining whether the damages should be trebled.[4]

---

[4] Cf. N.Y. Gen. Bus. L. § 349(h) (deceptive acts and practices statute providing for award of greater of actual damages or $50; " The *court may, in its discretion*, increase the amount of the award to an amount not to exceed one thousand dollars, if the court finds the defendant willfully or knowingly violated this section.  The *court may* award reasonable attorney's fees to a prevailing party.") (emphases added); Independent Living Aids, Inc. v. Maxi-Aids, Inc., 25 F.

In addition to basing its decision on the legislative history, the <u>Lyke</u> court noted "that multiple damage statutes are penal in nature and are to be strictly construed." <u>Id.</u> at 28, 541 N.Y.S.2d at 823; <u>see</u> <u>Cox v. Microsoft Corp.</u>, 290 A.D.2d 206, 737 N.Y.S.2d 1 (1st Dep't 2002) (under New York law it "has long been recognized that a provision for the trebling of damages is penal and subject to strict construction"); <u>Moran v. Orth</u>, 36 A.D.3d 771, 828 N.Y.S.2d 516 (2d Dep't 2007) (jury trial resulted in verdict of $1500 under RPAPL § 853; trial court's decision not to award treble damages was an abuse of discretion).[5]

Applying these precedents to § 227(b)(3) of the TCPA, one can conclude that a New York court faced with the question now before this Court would likely decide that a TCPA plaintiff is not entitled to have a jury determine whether statutory damages should be trebled. Under New York's trebling statutes, which are strictly construed, the jury determines damages, but where the trebling of damages is discretionary under the terms of the applicable statute, as it is in § 227(b)(3), the court, not the jury, exercises that discretion.

---

Supp. 2d 127, 132 (E.D.N.Y. 1998) ("The awarding of fees under [GBL § 349(h)] remains in the sole discretion of the court.").

[5] It is well-settled that because TCPA awards are considered penal in nature, TCPA class actions are barred in New York. CPLR 901(b); <u>see</u> <u>Bonime</u>, <u>supra</u>; <u>Rudgayzer & Gratt v. Cape Canaveral Tour and Travel, Inc.</u>, 22 A.D.3d 148, 799 N.Y.S.2d 795 (2d Dep't 2005); <u>see also</u> <u>Sperry v. Crompton Corp.</u>, 8 N.Y.3d 204, 831 N.Y.S.2d 760 (2007) (holding that treble damages provision in the Donnelly Act, General Business Law § 340, prohibiting anti-competitive acts, "serves as a penalty for purposes of CPLR 901(b)").

<u>Conclusion</u>

For the reasons set forth above, the issue of any enhancement of statutory damages under

47 U.S.C. § 227(b)(3) should be for the Court, not the jury, to determine.

Dated: New York, New York
       March 8, 2010

                              Respectfully Submitted,

                              HUNTON & WILLIAMS LLP

                              By: _Joseph Saltarelli_____
                                 Joseph J. Saltarelli
                                 Victor L. Prial
                                 200 Park Avenue
                                 New York, New York  10166
                                 (212) 309-1000

                              Attorneys for Carnival Corporation

## DECLARATION OF SERVICE

Bradford C. Mulder, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am the Managing Clerk for the law firm of Hunton & Williams LLP, attorneys for Defendant Carnival Corporation.

On March 8, 2010, I served a true copy of the attached Carnival Corporation's Response to Plaintiff's Pretrial Memorandum of Law, on counsel of record for Plaintiff, at the address listed below, via the Court's ECF System.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 8, 2010

_____
Bradford C. Mulder

TO:    Andre K. Cizmarik, Esq.
       Anthony J. Viola, Esq.
       Edwards & Angell Palmer & Dodge LLP
       750 Lexington Avenue
       New York, New York 10022
       acizmarik@eapdlaw.com
       aviola@eapdlaw.com

       *Attorneys for Plaintiff Sherman Gottlieb*