Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiff Sherman Gottlieb
750 Lexington Ave.
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------ X
:
SHERMAN GOTTLIEB,                    :   04-CV-4202 (ILG) (VVP)
:
           Plaintiff,          :
:
   -against-                         :
:
CARNIVAL CORPORATION,                :
:
           Defendant.          :
------------------------------------ X

# MEMORANDUM OF LAW OF PLAINTIFF SHERMAN GOTTLIEB IN OPPOSITION TO THE MOTION IN LIMINE OF DEFENDANT CARNIVAL CORPORATION

Plaintiff Sherman Gottlieb respectfully submits this memorandum of law in opposition to the motion in limine of Carnival Corporation ("Carnival").

## ARGUMENT

Defendant Carnival seeks to exclude a number of Mr. Gottlieb's proposed trial exhibits and also seeks to limit the testimony of Mr. Gottlieb and his former attorney, Louis Mauriello, concerning Mr. Mauriello's admitted loss of unsolicited faxes that Mr. Gottlieb gave to Mr. Mauriello for safekeeping and to prosecute his case. Carnival seeks to exclude this evidence, not because it will be prejudicial to Carnival, but in reality, because it will be damaging to Carnival's alleged defenses.

A.     Plaintiff's Trial Exhibit 24

Plaintiff's Exhibit 24 is a compendium of 587 faxes that Mr. Gottlieb received from Carnival in large part between February 2001 and April 2003. Carnival claims that the exhibit is irrelevant and somehow prejudicial because the parties have already stipulated as to the number of faxes that Carnival sent to Mr. Gottlieb. (Carnival Mot. at 1-2.)[1] However, in connection with its defense of this case – and notwithstanding this Court's prior decision holding that Carnival's faxes were "material advertising the availability of <u>any</u> property, goods, or services which is transmitted to <u>any</u> person . . . ."[2] – Carnival seeks to argue at trial that the faxes were not "advertisements" within the meaning of the Telephone Consumer Protection Act ("TCPA"). In light of Carnival's purported defense, it is crucial that the jury be permitted to view the various offending faxes in order to determine if in fact these faxes were "advertisements" within

---

[1] References to "Carnival Mot. at __" are to the March 1, 2010 Memorandum of Law in Support of Carnival Corporation's In Limine Motions.
[2] Gottlieb v. Carnival Corp., 595 F. Supp.2d 212, 222-23 (E.D.N.Y.) (quoting § 227(a)(4)) (emphasis in original), rev'd in part on other grounds, 635 F. Supp.2d 213 (E.D.N.Y. 2009).

the meaning of the statute. Also, the jury will no doubt be wary of Mr. Gottlieb's claims if they are not permitted to view the actual faxes of which he complains.

Additionally, the faxes themselves are relevant to the jury's determination of whether Carnival's transmission of this faxes was "willful" or "knowing" within the meaning of the statute. Given that the determination of "willful" or "knowing" is an issue for the jury to decide – see Gottlieb's Pretrial Memorandum of Law (Docket No. 75) at 6-8 – the jury should be permitted to see the actual faxes, including the period of months and years when the faxes were sent, the number of pages of each fax (ranging from one page to eleven pages each) as well as the times and days when the faxes were sent (including on nights and weekends). Only by viewing the actual faxes themselves will the jury be able to make an informed decision as to whether these faxes were "advertisements" and whether Carnival "consciously and deliberately committed or omitted an act that violated the statute, regardless of any intent to violate the law." Id. at 8 (citing Charvat v. Ryan, 879 N.E.2d 765, 771 (Ohio 2007)).

Further, Mr. Gottlieb will testify as to various "cease and desist" faxes and letters which he sent to Carnival.[3] Carnival disputes receiving such faxes and letters and contends it has no record of receiving them. In furtherance of this and other arguments, Carnival seeks to introduce testimony concerning its allegedly foolproof record-keeping system. The actual 587 faxes received by Mr. Gottlieb are powerful evidence that Carnival's record-keeping system is far from foolproof and, indeed, woefully inadequate. For example, among the 587 faxes are over 250 faxes that Mr. Gottlieb received from Carnival during the time period February 2001 through December 2001 – a period of approximately 11 months. Yet, Carnival's supposedly foolproof records do not show that they sent a single fax sent to Mr. Gottlieb during this period of time and

---

[3] Although Mr. Gottlieb produced one of these letters in discovery, the other cease and desist letters were lost by Mr. Gottlieb's former counsel, Louis Mauriello, discussed infra.

Carnival has admitted in deposition testimony that their records are incomplete. (Rule 30(b)(6) deposition of Carnival by Frederick Stein, dated April 24, 2007 at 31:1-6; 33:11-23 annexed as Exhibit A to the March 10, 2010 Declaration of Zachery W. Silverman.) Mr. Stein testified that "[Carnival's] Info[rmation] systems were unable to retrieve data from the tapes for a specific time period which happens to coincide with the gap." Id. at 33:20-23. Thus, it is imperative for the jury to see the actual faxes during this time period in order for them to make a general assessment as to the accuracy of Carnival's record-keeping practices.

Finally, although Carnival makes a general reference to the fact that the jury will be "inflamed[]" by this exhibit (Carnival Mot. at 2), Carnival does not explain in any way whatsoever why the jury would be anymore "inflamed" by viewing the actual faxes as opposed to being told that Carnival admitted to sending 750 faxes. Indeed, this is not a situation whether the jury is being exposed to graphic or disturbing photographs or videos which would cause the jurors to become emotional or otherwise overreact.

    B.    Testimony Regarding Mr. Gottlieb's
           Malpractice Lawsuit Arising from the Lost Faxes

Carnival seeks to preclude the testimony of Mr. Gottlieb or his former attorney (Louis Mauriello) concerning the fact that Mr. Mauriello lost numerous faxes that Mr. Gottlieb gave him and the fact that Mr. Gottlieb has sued Mr. Mauriello for malpractice. Carnival claims that such testimony is irrelevant and that the jury will be prejudiced or misled if they were to learn that Mr. Mauriello lost some faxes and if the jury were to learn that a malpractice lawsuit had been filed. (Carnival Mot. at 2-3).[4]

---

[4] Significantly, however, Carnival does not dispute that testimony concerning the fact that Mr. Mauriello lost the "Do Not Fax" cease and desist letters/faxes that Mr. Gottlieb sent to Carnival would not be irrelevant or prejudicial. (Carnival Mot. at 3.)

Nonetheless, the jury needs to learn that Mr. Mauriello lost <u>all</u> of the papers that were given to him to by Mr. Gottlieb including the faxes and the cease and desist letters. If Mr. Gottlieb and Mr. Mauriello are not permitted to testify concerning the lost faxes and the malpractice lawsuit, then the jury may not appreciate that Mr. Mauriello's testimony is all the more credible because it is adverse to his own financial interest. This testimony also corroborates that of Mr. Gottlieb, whose credibility Carnival seeks to attack. Carnival apparently intends to argue to the jury that Mr. Gottlieb is fabricating the existence of the cease and desist letters because Carnival has no record of having received them. If Mr. Mauriello testifies as to the faxes and documents that were given to him, it might appear that he is simply corroborating Mr. Gottlieb's testimony in order to help out his former client. However, when the jury learns that Mr. Gottlieb has sued Mr. Mauriello for malpractice because he lost the faxes and other documents, then Mr. Mauriello's testimony concerning the lost faxes and file becomes even more credible because by admitting that he lost the file, Mr. Mauriello is testifying adversely to his own interest. The only way for the jury to accurately weigh the testimony and credibility of Mr. Gottlieb and Mr. Mauriello on this crucial point is for them to understand the current relationship between Mr. Gottlieb and Mr. Mauriello. This will only be possible if the jury learns of the malpractice lawsuit, which resulted from Mr. Mauriello's loss of the file.

Furthermore, as Carnival notes, Mr. Gottlieb's complaint and Mr. Mauriello's answer in the state court malpractice action have already been excluded by this Court on the basis that they are inadmissible hearsay. (Carnival Mot. at 3, citing this Court's February 17, 2010 Order (Docket No. 73.)) The only way for Mr. Gottlieb to introduce non-hearsay testimony concerning the malpractice action is through the in-court testimony of Mr. Gottlieb and Mr. Mauriello. The fact that Carnival seeks to exclude this non-hearsay testimony makes plain that Carnival is

concerned about the probative value of this testimony and simply does not want the jury to hear it.

    C.    <u>Plaintiff's Trial Exhibits 10 and 11</u>

Carnival seeks to exclude its own document retention policy (Plaintiff's Ex. 10) and e-mail retention policy (Plaintiff's Ex. 11) on the grounds that they are irrelevant and prejudicial. (Carnival Mot. at 4-5.) However, for the reasons discussed above with regard to Carnival's incomplete records of the faxes that Carnival sent to Mr. Gottlieb, it is important for the jury to understand that records of faxes that were sent to Mr. Gottlieb in 2001 and 2002 should exist in Carnival's records. In other words, given that Carnival's own policy required that such records be preserved for four years (Plaintiff's Exs. 10 and 11; Stein Dep. at 36:21-38:3), records of these fax transmissions should exist in Carnival's records for the four-year period prior to the filing of Mr. Gottlieb's complaint in September 2004, i.e., as far back as September 2000. However, given that fax transmission records for 11 months in 2001 no longer exist – but the faxes were clearly sent as evidenced by the hard copies produced by Mr. Gottlieb – these retention policies are critical to the jury's understanding of the lack of reliability of Carnival's vaunted record-keeping system.

    D.    <u>Plaintiff's Trial Exhibit 19</u>

At the present time, plaintiff does not intend to introduce Exhibit 19 at trial for its case-in-chief.

## CONCLUSION

It is hereby respectfully requested that this Court enter an Order: (i) denying defendant Carnival Corporation's motion in limine; and (ii) for such other and further relief in favor of Mr. Gottlieb and against Carnival as this Court deems just and proper.

Dated: New York, New York
       March 10, 2010

                                              Anthony J. Viola
                                              Andre K. Cizmarik
                                              EDWARDS ANGELL PALMER & DODGE LLP
                                              Attorneys for Plaintiff Sherman Gottlieb
                                              750 Lexington Ave.
                                              New York, NY 10022
                                              (212) 308-4411

NYC 344336.2