Joseph J. Saltarelli
Victor L. Prial
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York  10166
(212) 309-1000

Attorneys for Carnival Corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                    :
SHERMAN GOTTLIEB,                                   :
                                                    :
                        Plaintiff,                  :
                                                    :
        - against -                                 :    04-CV-4202 (ILG) (VVP)
                                                    :
CARNIVAL CORPORATION,                               :
                                                    :
                        Defendant.                  :
------------------------------------------------------X

## CARNIVAL CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO CARNIVAL'S PRETRIAL MEMORANDUM OF LAW

Defendant Carnival Corporation ("Carnival") respectfully seeks the Court's leave to file this limited Reply to Plaintiff's Opposition to Carnival's Pretrial Memorandum of Law, dated March 10, 2010 (Pl. Opp.) (Docket No. 97).  Plaintiff's Opposition contains several egregious misstatements of law that Carnival wishes to clarify for the benefit of the Court.

Argument

A.      The Erie Doctrine Applies and New York Law Governs Plaintiff's TCPA Claim

It is unclear why Plaintiff finds Carnival's argument that the Erie doctrine applies to this case "inaccurate and puzzling." Pl. Opp. at 2.  To the contrary, in Bonime v. Avaya, Inc., 547 F.3d 497 (2d Cir. 2008), the Second Circuit Court of Appeals, relying on its earlier decision in

this very case, Gottlieb v. Carnival Corp., 436 F.3d 335 (2d Cir. 2006), made it crystal clear that a New York federal court sitting in diversity and trying a TCPA lawsuit must, under the Erie doctrine, apply New York's substantive law to the TCPA claim.

Plaintiff ignores the Second Circuit's unequivocal statement in Bonime that "Congress [has] directed that the TCPA be applied as if it were a state law," and its related command that "[b]ecause the TCPA functionally operates as state law, [the Court] must apply the Erie doctrine to the TCPA." Id. at 501 (citing Gottlieb, 436 F.3d at 342-43)).

That the Erie doctrine applies to a TCPA claim being adjudicated in a New York federal court, and therefore mandates application of New York substantive law to the claim, had been recognized in several decisions in the Eastern and Southern Districts of New York even before the Second Circuit's decision in Bonime. See Weitzner v. Sciton, Inc., 2007 WL 2891521, at *1 (E.D.N.Y. Sept. 28, 2007); Gratt v. Etourandtravel, Inc., 2007 WL 2693903, at **1-2 (Sept. 10, 2007); Giovannielo v. New York Law Publishing Co., 2007 WL 2244321, at *3 (S.D.N.Y. Aug. 6, 2007); Holster v. Gatco, Inc., 485 F. Supp. 2d 179, 185-86 (E.D.N.Y. 2007); see also Weber v. U.S. Sterling Securities, Inc., 924 A.2d 816, 828 (Conn. 2007) (same).

Plaintiff also ignores the Supreme Court decision cited by Carnival, Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996), which held, in a New York federal action tried in diversity and thus governed by Erie, that even the Federal Rule of Civil Procedure pertaining to review of jury verdicts must yield to the different standard of review provided by New York law. In the Erie context, New York substantive law includes not only New York statutes but also the decisions of its courts. Gasperini, 518 U.S. at 437 (remanding and instructing the district court to "check[] the jury's verdict against the relevant New York decisions . . ."); Bonime, 547 F.3d at

501 (stating that "New York state courts applying CPLR 901(b) have repeatedly rejected TCPA claims brought as putative class actions," and citing relevant New York state court decisions).

Left unaddressed by Plaintiff is how this Court, "exercising jurisdiction solely because of the diversity of citizenship of the parties," can ensure, as it must, that "the outcome of th[is] litigation" is "substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a [New York] State court," Gasperini, 518 U.S. at 428 (citations and internal quotation marks omitted). This Court can only ensure such an outcome by instructing the jury on the legal standards applied by New York State's own courts in determining whether a fax constitutes an "unsolicited advertisement" within the meaning of the TCPA.

Apparently lost on Plaintiff is the irony that while he fought so hard to establish the precedent that TCPA claims can be heard in federal courts on the basis of diversity jurisdiction, he now seeks to avoid the unmistakably clear Erie doctrine implications of the Second Circuit's favorable decision in his own case.

B.   The Law of the Case Doctrine Does Not Bar the Court from Submitting to the Jury the Question of Whether the Faxes were "Unsolicited Advertisements" under the TCPA

Plaintiff spends a good portion of his Opposition reiterating boilerplate statements of the "law of the case" doctrine, seeking to avoid at all costs having the jury determine whether the flyers faxed by Carnival constitute "unsolicited advertisements" under the TCPA. In doing so, he completely fails to articulate how he would be legally prejudiced if that fundamental question is decided by the jury, at trial and based on all of the evidence adduced by the parties.

Even if this Court were to conclude that its February 9, 2009 Memorandum and Order "decided" that the faxes were "advertisements" under the TCPA as a matter of law, and that its decision was not effectively superseded by the July 21, 2009 Memorandum and Order which, upon reconsideration, "denied" Plaintiff's motion for summary judgment, the law of the case

doctrine would not prevent the Court from now deciding to let the jury determine, after hearing all the evidence, whether the faxes were "advertisements."

Carnival cited no less than four circuit court of appeals decisions, including one from the Second Circuit, upholding trial courts' exercise of discretion in submitting to the crucible of trial issues previously decided by the court on paper. Plaintiff fails to distinguish a single one of them.[1] Instead, his principal citation is to a Second Circuit decision which Carnival cited and which, in fact, upheld a trial court's decision to reconsider a prior ruling. DeLaura v. Power Auth. of the State of New York, 982 F.2d 73, 76-77 (2d Cir. 1992). And while the Second Circuit in DeLaura reiterated traditional standards applicable to the law of the case doctrine, essentially standards applicable to "reconsideration" requests with which this Court is familiar, it stressed that the doctrine is directed to a trial court's *discretion* and does not limit its powers, and, "[i]n any event . . . permits a change of position if it appears that the court's original ruling was erroneous." Id. at 76-77 (citations omitted).

Neither of the other two decisions cited by Plaintiff involved the exercise of discretion to submit a previously decided issue to a jury or to the court as ultimate finder of fact. Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003), sustained a routine denial of a reconsideration motion, while Yoon v. Fordham Univ. Faculty and Admin. Ret. Plan, 173 Fed Appx. 936, 939, 2006 WL 1049100 (2d Cir. 2006), involved a challenge to a legal ruling on an earlier appeal to the Second Circuit, circumstances that bear no resemblance to this case.

---

[1] First Nat'l Bank of Hollywood v. Am. Foam Rubber Corp., 530 F.2d 450, 453 n.3 (2d Cir. 1976); FDIC v. Massingill, 24 F.3d 768, 773-74 (5th Cir. 1994); Alston v. King, 157 F.3d 1113, 1116 (7th Cir. 1998); High Country Arts and Crafts Guild v. Hartford Fire Ins. Co., 126 F.3d 629, 635 (4th Cir. 1997).

C.  Plaintiff's Interpretation of the TCPA's "Willful or Knowing" Standard is Wrong

The next section of Plaintiff's Opposition misstates the law regarding treble damages and the standard of "willfulness" in 47 U.S.C. § 227(b)(3). First, Plaintiff relies on a definition of "willful" set forth not in the TCPA, but, rather, in another section of the Communications Act. Plaintiff cites no federal court decision holding that courts should look to the definition of "willful" in 47 U.S.C. § 312(f)(1) to determine whether treble damages should be awarded under 47 U.S.C. § 227(b)(3), and relies on a single, unreported Missouri state court decision, which he has not bothered to attach to his brief, to argue that the TCPA terms "knowingly" and willfully" are the same.

Section 312(f)(1) is part of § 312, which addresses "administrative sanctions" for, among other things, willful and repeated violations of the FCC's station license or construction permits regulations. Section 312(f) itself is not part of the TCPA.

Moreover, § 312(f)(1) does not state that a violation is "willful" if a person simply does the "act" that violates the statute. It says that "*intent* to violate" the statute is not required to find that a person has "conscious[ly] and deliberate[ly]" committed the violative act.

Finally, for purposes of § 227(b)(3) at least, "willful" cannot possibly have the meaning Plaintiff proposes. Each faxed "unsolicited advertisement" is a violation of the TCPA. Carnival concededly committed the "act" of faxing the flyers to SMG Travel. In Plaintiff's view, if the faxes are found to be "unsolicited advertisements" no further finding is required to award treble damages. If that interpretation is correct, any violation of the TCPA automatically qualifies for treble damages since anyone found to have violated the statute will have committed the "act," *i.e.*, sending the fax, which renders the violation *per se* "willful." If that were the case, the addition by Congress of the alternative, "knowingly" prong of the § 227(b)(3) test would be

superfluous; such an interpretation of the TCPA would violate the cardinal principle of statutory interpretation that one provision in a statute should not be interpreted so as to render another provision in the same statute meaningless. Gottlieb v. Carnival Corp., 436 F.3d 335, 338 (2d Cir. 2006) ("Normally, a statute must, if reasonably possible, be construed in a way that will give force and effect to each of its provisions rather than render some of them meaningless.") (citing Allen Oil Co., Inc. v. Comm'r, 614 F.2d 336, 339 (2d Cir. 1980)). There is nothing in § 227(b)(3) or the legislative history of the TCPA suggesting that the treble damages provision should be interpreted in the manner proposed by Plaintiff.

## Conclusion

For the reasons above, (i) the jury should decide whether the faxes were "advertisements" within the meaning of the TCPA and be instructed on applicable New York law interpreting the TCPA, and (ii) the issue of enhancement of statutory damages under 47 U.S.C. § 227(b)(3) (if relevant at all) should be for the Court to determine under the standards articulated in Carnival's Trial Brief.

Dated: New York, New York
       March 11, 2010

                          Respectfully Submitted,

                          HUNTON & WILLIAMS LLP

                          By: _/s/ Joseph Saltarelli_
                              Joseph J. Saltarelli
                              Victor L. Prial
                          200 Park Avenue
                          New York, New York  10166
                          (212) 309-1000

                          Attorneys for Carnival Corporation

## DECLARATION OF SERVICE

Bradford C. Mulder, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am the Managing Clerk for the law firm of Hunton & Williams LLP, attorneys for Defendant Carnival Corporation.

On March 11, 2010, I served a true copy of the attached Carnival Corporation's Reply to Plaintiff's Opposition to Carnival's Pretrial Memorandum of Law, on counsel of record for Plaintiff, at the address listed below, via the Court's ECF System.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2010

Bradford C. Mulder

TO: Andre K. Cizmarik, Esq.
Anthony J. Viola, Esq.
Edwards & Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, New York 10022
acizmarik@eapdlaw.com
aviola@eapdlaw.com

*Attorneys for Plaintiff Sherman Gottlieb*