Joseph J. Saltarelli
Victor L. Prial
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000

Attorneys for Carnival Corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                                     :
SHERMAN GOTTLIEB,                                    :
                                                     :
                            Plaintiff,               :
                                                     :
        - against -                                  :    04-CV-4202 (ILG) (VVP)
                                                     :
CARNIVAL CORPORATION,                                :
                                                     :
                            Defendant.               :
-----------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant Carnival Corporation ("Carnival") respectfully submits this Memorandum of Law in opposition to Plaintiff Sherman Gottlieb's ("Gottlieb") motion for judgment as a matter of law ("JMOL"), pursuant to Fed. R. Civ. P. 50(b).

### Argument

This action was tried to a jury from March 15-17, 2010. Two claims were presented: first, a claim under § 227(b)(1)(C) of the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 47 U.S.C. § 227 *et seq.* ("TCPA"), pursuant to which Gottlieb sought a statutory penalty of $375,000, trebled to $1,125,000, for 750 allegedly unlawful faxes, and, second, a claim under § 396-aa of the New York State General Business Law ("GBL"), pursuant to which

Gottlieb sought a statutory penalty of $22,500, for 225 allegedly unlawful faxes. The jury found in favor of Carnival on Gottlieb's TCPA claim, and in favor of Gottlieb on his GBL § 396-aa claim. Judgment upon the jury's verdict was entered March 29, 2010. (Docket 112).

A.  Standards Applicable to Gottlieb's Rule 50(b) Motion

Gottlieb moves pursuant to Rule 50(b) for JMOL on his TCPA claim. However, Rule 50(b) permits a jury's verdict to be set aside only if there is no "legally sufficient evidentiary basis" for the verdict, and relief under it may not be granted "unless the evidence, viewed in the light most favorable to the nonmoving party, is insufficient to permit a reasonable juror to find in his favor." Arlio v. Lively, 474 F.3d 46, 51 (2d Cir. 2007) (citing Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998)); see Morris v. Flaig, 511 F. Supp. 2d 282, 293 (E.D.N.Y. 2007). In deciding such a motion, the court "must give deference to all credibility determinations and reasonable inferences of the jury, and it 'may not itself weigh the credibility of witnesses or consider the weight of the evidence.'" Id. (quoting Meloff v. N.Y. Life Ins. Co., 240 F.3d 138, 145 (2d Cir. 2001)).

It also is well-settled that JMOL under Rule 50(b) should not be granted unless there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise or conjecture" or "such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it." Fidelity & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp., 540 F.3d 133, 142 (2d Cir. 2008) (citations omitted); see This Is Me, Inc. v. Taylor, 157 F.3d 139, 142 (2d Cir. 1998); Galdieri-Ambrosini, 136 F.3d at 289.

Gottlieb's motion fails to meet these standards. In large measure, it is not a Rule 50(b) motion at all, but, rather, an improper attempt to reargue his earlier summary judgment motion.

B.    Gottlieb's Rule 50(b) Motion Should be Denied

Gottlieb's Rule 50(b) motion is completely without merit. He argues first that JMOL should be granted on his TCPA claim because the Court erred by allowing the jury to decide whether the faxes were "advertisements" under the TCPA. Gottlieb renews here his pre-trial argument that in initially granting his motion for summary judgment in February 2009, the Court "decided" as a matter of law that the faxes were advertisements, and that the decision was "law of the case." See Plaintiff Sherman Gottlieb's Memorandum of Law in Support of His Motion for Judgment as a Matter of Law ("Pl. Mem.") (Docket 117) at 3-4 (relying on the Court's decision in Gottlieb v. Carnival Corp., 595 F. Supp. 2d 212 (E.D.N.Y. 2009)).

Of course, this is not a proper basis for relief under Rule 50(b). As a threshold matter, the argument is improper because a post-verdict motion pursuant to Rule 50(b) must be limited to the "specific" grounds raised in the movant's pre-verdict Rule 50(a) motion made at the close of the evidence, and Gottlieb's argument was never raised (nor could it have been) as part of his pre-verdict Rule 50(a) motion based on the legal sufficiency of the evidence. See McCardle v. Haddad, 131 F.3d 43, 51 (2d Cir. 1997) (a post-verdict motion for judgment as a matter of law must be preceded by a pre-verdict motion, "may not add new grounds after trial," and "is limited to those grounds that were specifically raised in the prior motion"; "[i]n sum, a posttrial motion [under Rule 50(b)] can properly be made only if, and to the extent that, such a motion specifying the same grounds was made prior to the submission of the case to the jury"); Galdieri-Ambrosini, 136 F.3d at 286; Samuels v. Air Transport Local 504, 992 F.2d 12, 14 (2d Cir. 1993); Lambert v. Genesee Hospital, 10 F.3d 46, 53-54 (2d Cir. 1993) ("the specificity requirement is obligatory"), cert. denied, 511 U.S. 1052 (1994).

The purpose of the rule requiring the moving party "to articulate [at trial] the ground on which JMOL is sought is to give the opposing party an opportunity to cure the *defects in proof* that might otherwise preclude him from taking the case to the jury. The articulation is necessary so that the responding party may seek to correct any overlooked *deficiencies in the proof*." Galdieri-Ambrosini, 136 F.3d at 286 (citations omitted) (emphasis added).

The above rationale, applicable to the sufficiency of the proof, is plainly *inapplicable* to the Court's discretionary ruling as to the permissible scope of Carnival's defense. In this case, the Court reconsidered its initial decision granting Gottlieb summary judgment on his TCPA claim and, after concluding that Carnival was entitled to present an "established business relationship" ("EBR") defense, "denied" Gottlieb's motion for summary judgment. Gottlieb v. Carnival Corp., 635 F. Supp. 2d 213, 221 (E.D.N.Y. 2009). At trial, the Court then allowed Carnival, as part of its defense case, to present evidence and argument that the faxes were not advertisements as defined in the TCPA. Tr. 298-300. The Court's decision was entirely proper,[1] and Gottlieb cannot now rely on this alleged "error" to seek JMOL under Rule 50(b). Not surprisingly, he fails to cite any authority that supports this specious contention.

Gottlieb made a Rule 50(a) motion at the close of all of the evidence, as did Carnival, Tr. 112; 321-23. Gottlieb's counsel did not make the argument he now advances as part of it, nor could he have since the motion had to be, and was, premised upon the legal sufficiency of the "proof" at trial, not the legal propriety of the Court's decision to allow Carnival to present such proof in the first place. Thus, Gottlieb's argument that the Court never should have allowed

---

[1] See DeLaura v. Power Auth. of the State of New York, 982 F.2d 73, 76-77 (2d Cir. 1992); First Nat'l Bank of Hollywood v. Am. Foam Rubber Corp., 530 F.2d 450, 453 n.3 (2d Cir. 1976); see also FDIC v. Massingill, 24 F.3d 768, 773-74 (5th Cir. 1994); Alston v. King, 157 F.3d 1113, 1116 (7th Cir. 1998); High Country Arts and Crafts Guild v. Hartford Fire Ins. Co., 126 F.3d 629, 635 (4th Cir. 1997).

Carnival to present a defense that the faxes were not advertisements as defined in the TCPA is not a proper basis for relief under Rule 50(b).

Gottlieb next makes the wholly conclusory assertion that "a reasonable jury would have no choice but to find that the faxes at issue were advertisements under the TCPA" because "Mr. Stein's testimony about the faxes made clear that they met the definition of advertisements." Pl. Mem. at 5. But he cites no testimony by Mr. Stein to support this contention, and, therefore, plainly fails to demonstrate either "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise or conjecture" or "such an overwhelming amount of evidence in" his favor "that reasonable and fair minded persons" could not have arrived at the verdict against him. Fidelity & Guar. Ins. Underwriters, Inc., 540 F.3d at 142; This Is Me, Inc., 157 F.3d at 142; Galdieri-Ambrosini, 136 F.3d at 289.

In any event, there certainly was "legally sufficient" evidence from which the jury might have concluded that the faxes were not advertisements because Carnival's "motives, purposes, and intentions" in sending them was not to "advertise" the cruises to SMG Travel. Tr. 446, 457.[2]

Representative samples of the faxes were admitted in evidence. PX 25, 29. Carnival presented overwhelming and detailed testimony through Fred Stein, whom the Court described

---

[2] See Rudgayzer & Gratt v. Enine, Inc., 4 Misc. 3d 4, 7-8, 779 N.Y.S.2d 882, 885-86 (App. Term 2d Dep't 2004) (scrutiny not limited to "four corners" of the fax; "motives, purposes and intentions for sending the fax" are relevant in determining whether a fax is an "unsolicited advertisement"; a fax is an "unsolicited advertisement" if its "essential purpose is to propose a commercial transaction" and has the "purpose and effect of influencing fax recipients to by the services" being advertised); Stern v. Bluestone, 47 A.D.2d 576, 580-81, 850 N.Y.S.2d 90, 95 (1st Dep't 2008) (faxes were unsolicited advertisements because they "proposed a commercial transaction and had the effect of influencing recipients to procure Bluestone's services"), rev'd on other grounds, 12 N.Y.3d 873, 883 N.Y.S.2d 782 (2009); id. at 581 ("the sender's identity, motives, purposes, and intentions are relevant to whether the fax was merely 'information' or 'advertising'") (citing Rudgayzer); Stern v. Bluestone, 12 N.Y.2d 873, 876, 883 N.Y.2d 782, 782 (2009) (holding that faxed newsletter was not "unsolicited advertisement" because its "primary purpose [was] informational") (citing In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Junk Fax Prevention Act of 2005, 71 FR 25967, 25973, 2006 WL 1151584 (Adopted May 3, 2006)).

as having been "qualified as a person who was intimately familiar with the systems and business practices of Carnival," Tr. 180, that the faxes were sent not to induce Gottlieb to purchase a cruise himself, but, rather, to facilitate sales of cruises to SMG Travel's customers, which sales would have generated commissions payable by Carnival to Gottlieb. The faxes were intended to provide information to Carnival's registered travel agents, i.e., its "travel partners," and not to be distributed to actual purchasers of the cruises. They contained registered travel agency-specific booking information, including a dedicated travel agency reservations telephone number, and travel agency-specific website booking information. Tr. 125-39, 146-48, PX-25.

Gottlieb also argues, Pl. Mem. at 5, that the jury could not reasonably have concluded that the faxes were not advertisements under the TCPA because it found for him on his claim under GBL § 396-aa, which sets forth a "more difficult standard" for proving that faxes are advertisements. Pl. Mem. at 2, 5. This argument ignores that the jury rendered only a general verdict, and thus may have concluded that the faxes were advertisements under the TCPA, yet still found in Carnival's favor based on its EBR defense. In any event, Gottlieb is essentially challenging the TCPA verdict based on an apparent "inconsistency" between it and the § 396-aa verdict, but he waived such an argument by not raising it before the jury was discharged. See Kosmynka v. Polaris Indus., Inc., 462 F.3d 74, 83 (2d Cir. 2006); Lavoie v. Pacific Press & Shear Co., 975 F.2d 48, 54 (2d Cir. 1992); U.S. Football League v. Nat'l Football League, 842 F.2d 1335, 1367 (2d Cir. 1988); Malmsteen v. Berdon, LLP, 595 F. Supp. 2d 299, 307 (S.D.N.Y. 2009). It is not, therefore, properly before the Court on this Rule 50(b) motion.

Gottlieb asserts next that JMOL should be granted because the jury did "not have a legally sufficient evidentiary basis to find that the faxes at issue were solicited." Pl. Mem. at 5-

9.[3] Gottlieb here ignores the fact that any alleged absence of evidence that Carnival obtained his "express" permission to send the faxes is not dispositive of the issue of whether the faxes were "unsolicited" because an EBR is deemed to constitute "prior express permission or invitation."[4]

There was more than "legally sufficient" evidence to establish Carnival's EBR defense and, thus, that the faxes were sent with Gottlieb's "prior express permission or invitation." In fact, the evidence of an EBR was overwhelming. Gottlieb admitted attending a travel agency expo, speaking with a Carnival representative, and giving him his business card. Tr. 67-68. Gottlieb also admitted reviewing Carnival's faxes while conducting his travel agency business, Tr. 68-69, conveying to his customers that he could book Carnival cruises for them, Tr. 69, 71, and booking at least one Carnival cruise in 2002, Tr. 69.

Fred Stein testified that Gottlieb must have initiated contact with Carnival in March 1999 to register as an agent (probably in order to book a cruise), and that Carnival would not have registered SMG Travel without Gottlieb's knowledge and consent. Tr. 127-28, 272-75. Carnival's business records document the registration of SMG Travel as a travel agency on

---

[3] Here also, Gottlieb challenges the TCPA verdict on the basis of an alleged inconsistency with the GBL § 396-aa verdict, Pl. Mem. at 8, an argument that has been waived. See Kosmynka, 462 F.3d at 83; Lavoie, 975 F.2d at 52; U.S. Football League, 842 F.2d at 1367; Malmsteen, 595 F. Supp. 2d at 307.

[4] The FCC's order promulgating the "established business relationship defense" states that "facsimile transmission from persons or entities who have an established business relationship with the recipient can be *deemed to be invited or permitted by the recipient*." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCCR 8752, 8784 at n. 87, 1992 WL 690928 (Adopted Sept. 17, 1992) ("1992 FCC Rules") (emphasis added); see Gene and Gene LLC v. Biopay LLC, 541 F.3d 318, 321 & n.3 (5th Cir. 2008) ("[I]n adopting rules to implement the TCPA, [the FCC in 1992] concluded that fax advertisements 'from persons or entities who have an established business relationship with the recipient can be *deemed to be invited or permitted by the recipient*.'") (emphasis added); In re Tri-State Printer & Copier Supply Co., Inc., 19 FCCR 20409, 20410 (June 4, 2004) ("Under Commission rules and orders currently in effect, the Commission *considers an established business relationship between a fax sender and recipient to constitute prior express invitation or permission to send a facsimile advertisement*.") (emphasis added). Since this has been Carnival's steadfast position from the beginning of the case through trial, Gottlieb's assertion that Carnival "admitted" the faxes were "unsolicited" for purposes of the TCPA claim is absurd.

March 8, 1999, DX-F, a status that was inactivated in April 2003, id., after which no more faxes were sent to Gottlieb. Tr. 156-57, 160-61, 272-75. Gottlieb reactivated SMG Travel's status as a registered travel agency on February 5, 2004, when he contacted Carnival to make a booking on the obvious assumption that he was a registered agent, and informed Carnival that all of SMG Travel's contact information was the "SAME AS BEFORE." DX-A; Tr. 97-100, 162-63.

All of this evidence established, indeed established overwhelmingly, the existence of an EBR under the governing standard promulgated by the FCC.[5]

Gottlieb attacks the allegedly "speculative" nature of Fred Stein's testimony concerning Carnival's creation of SMG Travel's agency profile, Pl. Mem. at 7-8, but this argument was not articulated as part of his Rule 50(a) motion, and is simply a rehash of his unsuccessful pre-trial motion *in limine,* which sought to preclude Mr. Stein's testimony on the very same ground.[6]

In any event, as the Court admonished Gottlieb's counsel at trial, Mr. Stein's testimony was properly based on Carnival's business records, Tr. 275, 312-13, which were admitted into evidence without objection from Gottlieb, TR. 156; DX-F, and his qualifications as a lay expert regarding Carnival's policies, practices, and procedures. Tr. 179-81 (referring to Fed. R. Evid.

---

[5] Gottlieb, 635 F. Supp. 2d at 221 (citing 47 C.F.R. § 64.1200(f)(4), set forth in 1992 FCC Rules).

[6] The Court properly denied Gottlieb's motion. See Fed. R. Evid. 602, 701; 3 J. Weinstein et al., Weinstein's Evidence, 602.03[1][a]; Stuart v. UNUM Life Ins. Co. of Am., 217 F.3d 1145, 1155 (9th Cir. 2000); Los Angeles Times Commc'ns, LLC v. Dep't of Army, 442 F. Supp. 2d 880, 886-87 (C.D. Cal. 2006); Folio Impressions, Inc. v. Byer California, 752 F. Supp. 583, 587 (S.D.N.Y. 1990), aff'd, 937 F.2d 759 (2d Cir. 1991); U.S. Information Systems v. Int'l Brotherhood of Electrical Workers, 2006 WL 2136249, at *11 (S.D.N.Y. Aug. 1, 2006) (citing Agfa-Gevaert, A.G. v. A.B. Dick Co., 879 F.2d 1518, 1523 (7th Cir. 1989)); Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc., 623 F. Supp. 2d 518, 534 (D. Del. 2009); Tex. E. Transmission PCB Contamination Ins. Coverage Litig., 870 F. Supp. 1293, 1303-04 (E.D. Pa. 1992); Brazos River Authority v. GE Ionics, Inc., 469 F.3d 416, 434-35 (5th Cir. 2006); Wright & Miller, 27 Fed. Prac. & Proc. Evid. § 6026; SEC v. Treadway, 438 F. Supp. 2d 218, 226 (S.D.N.Y. 2006) (holding lay opinion testimony satisfies Fed. R. Evid. 701 if it is "rationally based" on witness' perception, and is helpful to an understanding of a contested fact) (citing United States v. Garcia, 413 F.3d 201, 213 (2d Cir. 2005)). A Rule 50(b) motion is not the appropriate procedure to challenge the Court's denial of Gottlieb's pre-trial *in limine* motion.

701). Gottlieb had no lawful basis at trial, and has no basis now, to challenge the sufficiency of Carnival's evidence of an EBR on the ground that Mr. Stein lacked "personal knowledge" of the circumstances under which Carnival either obtained Gottlieb's fax number[7] or created its agency profile for SMG Travel in March 1999.[8]

The evidence of an EBR between Carnival and Gottlieb was, therefore, overwhelming, or, at the very least, "legally sufficient" to support the jury's verdict in Carnival's favor. Under no view of the proceedings can it be said that there was "such a complete absence of evidence supporting the [TCPA] verdict that the jury's findings could only have been the result of sheer surmise or conjecture," or that the evidence was "insufficient to permit a reasonable juror" to find in favor of Carnival. Galdieri-Ambrosini, 136 F.3d at 289 (citations omitted).

Indeed, by arguing that "without the established business relationship defense to consider a reasonable jury would not have had a legally sufficient evidentiary basis to find for the defendant on Mr. Gottlieb's TCPA claim," Pl. Mem. at 9, Gottlieb effectively concedes that there *was* a legally sufficient evidentiary basis to support the TCPA verdict based on Carnival's EBR defense. Perhaps that is the reason Gottlieb contends, finally, that Carnival never should

---

[7] Although it presented sufficient evidence on the issue, as a matter of law Carnival was not required to prove how it obtained Gottlieb's fax number in order to prove an EBR. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 71 FR 25967, 25968, 2006 WL 1151584 (May 3, 2006) (ruling that for established business relationships in existence prior to July 9, 2005, the sender "may send facsimile advertisements to that recipient without demonstrating how the number was obtained or verifying it was provided voluntarily by the recipient") (referring to 47 CFR § 64.1200(a)(3)(C)); Tr. 300-08. Thus, there is no basis to challenge the legal sufficiency of the proof supporting Carnival's EBR defense on this ground.

[8] By challenging Mr. Stein's testimony in this way, Gottlieb is also asking the Court to engage in the very assessment of the evidence and credibility of witnesses that is prohibited under Rule 50(b). See, e.g., Samuels, 992 F.2d at 16 (stating that, on a Rule 50(b) motion, the court "cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury.") (citation and internal quotation marks omitted).

have been allowed to present an EBR defense at all. Pl. Mem. at 8-10.[9] Like Gottlieb's other arguments, however, this one was not raised as part of his pre-verdict Rule 50(a) motion (nor could it have been), and, of course, is simply a transparent, untimely, and procedurally improper attempt to reargue the FCC jurisdictional issue decided by the Court, upon reconsideration, in its July 21, 2009 Memorandum and Order. It is nothing short of frivolous for Gottlieb to assert such an argument as a basis for relief under Rule 50(b).

## Conclusion

For the reasons above, the Court should deny Gottlieb's Rule 50(b) motion for judgment as a matter of law.

Dated: New York, New York
May 3, 2010

                                  Respectfully Submitted,

                                  HUNTON & WILLIAMS LLP

                                  By: /s/ Joseph J. Saltarelli
                                  Joseph J. Saltarelli
                                  Victor L. Prial
                                  200 Park Avenue
                                  New York, New York 10166
                                  (212) 309-1000

                                  Attorneys for Carnival Corporation

---

[9] Carnival is unable to respond to Gottlieb's inexplicable and nonsensical assertion, in a footnote, that "[i]t also appears that defendant waived any right it might have had to have its EBR defense decided by the jury." Pl. Mem. at 9 n.2 (citing Fed. R. Civ. P. 49).

## DECLARATION OF SERVICE

Bradford C. Mulder, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am the Managing Clerk for the law firm of Hunton & Williams LLP, attorneys for Defendant Carnival Corporation.

On May 3, 2010, I served a true copy of the attached Memorandum of Law in Opposition to Plaintiff's Motion for Judgment as a Matter of Law, on counsel of record for Plaintiff, at the address listed below, via the Court's ECF System.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 3, 2010

Bradford C. Mulder

TO: Andre K. Cizmarik, Esq.
Anthony J. Viola, Esq.
Edwards & Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, New York 10022
acizmarik@eapdlaw.com
aviola@eapdlaw.com

*Attorneys for Plaintiff Sherman Gottlieb*