Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiff Sherman Gottlieb
750 Lexington Ave.
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
SHERMAN GOTTLIEB,                    :   04-CV-4202 (ILG) (VVP)
                                     :
              Plaintiff,             :
                                     :
       -against-                     :
                                     :
CARNIVAL CORPORATION,                :
                                     :
              Defendant.             :
------------------------------------ X

## PLAINTIFF SHERMAN GOTTLIEB'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CARNIVAL'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Plaintiff Sherman Gottlieb respectfully submits this memorandum of law in opposition to defendant Carnival Corporation's motion for a judgment as a matter of law.

### ARGUMENT

Carnival does not meet its difficult burden under Fed.R.Civ.P. 50(b) because it has failed to show that the jury lacked a "legally sufficient evidentiary basis" to find for Mr. Gottlieb on his N.Y. Gen. Bus. L. § 396-aa claim. First, Carnival grossly misinterprets the requirement under § 396-aa that unsolicited faxes promote goods or services "for purchase by the recipient of such messages." Contrary to Carnival's oppressively narrow interpretation of that requirement, the sender's intent is not a valid consideration. Second, the "overwhelming evidence" that Carnival cites for the proposition that Carnival and Mr. Gottlieb had a "prior contractual or business

relationship" under § 396-aa is underwhelming at best, is (in certain material respects) in direct contravention to the testimony at trial, and was argued to and rejected by the jury. Moreover, Carnival cannot now attempt to equate the "prior contractual or business relationship" defense under § 396-aa with the "established business relationship" defense under the Telephone Consumer Protection Act ("TCPA") where it already waived its opportunity to do so. At any rate, the two defenses are not identical, and the jury was never instructed – nor could they be – that the defenses were identical as a matter of law. Finally, § 396-aa is in no way preempted by the TCPA. Strangely, Carnival attempts to make a preemption argument while at the same time acknowledging that this Court already found that § 396-aa was not preempted. Even if Carnival were not ignoring the law of the case, its argument would still fail because § 396-aa is far less restrictive on the whole than the TCPA. In short, Carnival's motion for judgment as a matter of law fails in all respects.

## I. THE JURY HAD A LEGALLY SUFFICIENT EVIDENTIARY BASIS FOR FINDING THAT THE FAXES AT ISSUE PROMOTED GOODS OR SERVICES "FOR PURCHASE BY" MR. GOTTLIEB

Carnival's injection of an intent element into the § 396-aa requirement that faxes promote goods or services "for purchase by the recipient of such message," is a perversion of the plain language of the statute. Specifically, Carnival insists that Mr. Gottlieb was obligated to prove that Carnival "sent him 225 faxes for the purpose of inducing Gottlieb to purchase the cruises described in the faxes." (Carnival's Br. at 2-3 (emphasis added).)[1] However, Carnival points to no place in the text of § 396-aa or in case law to support the proposition that Gottlieb must offer proof that Carnival intended to have Gottlieb purchase those cruises. Indeed, § 396-aa reads only that "[i]t shall be unlawful for a person, corporation, partnership or association to initiate

---

[1] References to "Carnival's Br. at ___" are to Carnival's April 26, 2010 "Memorandum of Law In Support of Carnival Corporation's Motion for Judgment as a Matter of Law."

the unsolicited transmission of telefacsimile messages promoting goods or services for purchase by the recipient of such messages." N.Y. Gen. Bus. L. § 396-aa. Even if intent were an element, Carnival admitted that Mr. Gottlieb was not prohibited from purchasing such cruises and that Carnival would not prevent Mr. Gottlieb from purchasing one of those cruises for himself. Carnival's witness, Fred Stein, acknowledged this in his testimony at trial:

> Q. Now, by the way, if the travel agent called up and said I'd like to go on one of your cruises myself, you wouldn't turn them away, would you?
>
> A. No.

(Trial Tr. 203:14-17.)[2] Thus, Carnival's contention that "the evidence is overwhelming that the faxes at issue were not sent to Gottlieb for the purpose of procuring his own purchase of cruises" ignores the testimony of Carnival's own witness. Leaving aside the testimony of Carnival's witness – which the jury was free to disregard – the jury had actual samples of the faxes Mr. Gottlieb received from Carnival. (See, e.g., PX 29.)[3] The jury was free to examine those faxes and draw its own conclusions about them, and clearly concluded that those faxes were directed at Mr. Gottlieb. Contrary to Carnival's argument, the jury was not obligated to accept Mr. Stein's self-serving characterization of Carnival's intention in sending the faxes. Indeed, the faxes on their face contradict Carnival's "spin," which the jury obviously refused to credit.

Though there is no intent element in § 396-aa, Mr. Gottlieb went above and beyond his burden of proof under § 396-aa to demonstrate that Carnival advertised a number of cruises directly to him. These included cruises aimed at senior citizens (Trial Tr. 47:11-48:2; PX 29 at

---

[2] References to "Trial Tr. at ___" are to the March 15, 2010 through March 17, 2010 trial transcript in the matter of Gottlieb v. Carnival Corporation, selected excerpts of which are annexed as **Exhibit A** to the May 21, 2010 Declaration of Andre K. Cizmarik.

[3] References to "PX ___" are to plaintiff Sherman Gottlieb's trial exhibits, which were admitted into evidence during the trial, and which are annexed to the May 21, 2010 Declaration of Andre K. Cizmarik.

SMG1085) and New York residents. (Trial Tr. 48:4-49:6; PX 29 at SMG1083.) It is no wonder then, that the jury found for Mr. Gottlieb on his § 396-aa claims. A reasonable jury would have more than a legally sufficient evidentiary basis to find for Mr. Gottlieb where he presented evidence beyond that necessary to satisfy his claims under § 396-aa.

## II. THE JURY PROPERLY FOUND THAT MR. GOTTLIEB DID NOT HAVE A "PRIOR CONTRACTUAL OR BUSINESS RELATIONSHIP" WITH CARNIVAL

The "overwhelming evidence" Carnival points to as proof of a "prior contractual or business relationship" with Mr. Gottlieb pursuant to § 396-aa is, in reality, either underwhelming or inaccurate. While Mr. Gottlieb may have (at some unspecified time) attended a travel agency exposition where he may have handed a Carnival representative the business card of another travel agent with which he was working at the time, Mr. Gottlieb did not recall what, if anything, he said to that representative (Trial Tr. 53:22-24), and furthermore, he did not give that representative a business card representing his travel agency business, SMG Travel. (Trial Tr. at 68:12-15.) Moreover, Carnival offered no evidence as to the substance of the conversation between Mr. Gottlieb and the Carnival representative. Indeed, Carnival cannot point to any aspect of that conversation that would give rise to a contractual or business relationship. It is also true that Mr. Gottlieb read "some" of the faxes sent by Carnival. (Trial Tr. at 68:22-69:3.) Of course, it would have been hard for Mr. Gottlieb to ignore the thousands of faxes that inundated him over the course of four years. It is further true that Mr. Gottlieb booked a cruise in 2002, but Carnival conveniently fails to note that Mr. Gottlieb did not book that cruise through Carnival, but through Cruise Value Consolidators – a third party not affiliated with Carnival. (Trial Tr. at 69:14-20.) Finally, it is true that, in February, 2004 – after the faxes had ceased – Mr. Gottlieb contacted Carnival to make a booking and noted that his contact information was

the "SAME AS BEFORE." (DX A.)[4] As Mr. Gottlieb explained, however, this did not refer to a supposed prior registration as a travel agent. The explanation is much simpler: he wrote "SAME AS BEFORE" because he had provided his contact information in a separate fax he had sent Carnival earlier that same day (Trial Tr. 94:1-25) as well as information that he had previously supplied to a Carnival representative in February 2004 (Trial Tr. 101:5-25; 102:3-6, 20-25.) None of these facts, then, taken individually or as a whole, would prevent a reasonable jury from having legally sufficient evidentiary basis to conclude that there was no "prior contractual or business relationship" between Carnival and Mr. Gottlieb between 1999 and 2003. Indeed, Carnival has done nothing in its brief to demonstrate how these facts fit into the "prior contractual or business relationship" framework, and thus, how they would eliminate any legally sufficient evidentiary basis under which a jury could find that one did not exist under § 396-aa.

In further support of its contention that there was a "prior contractual or business relationship" between the parties, Carnival assumes that Mr. Gottlieb "must have" initiated contact with Carnival in March 1999 in order to register as an agent. (Carnival's Br. at 5.) As Mr. Gottlieb has already noted in his Memorandum in Support of His Motion for Judgment as a Matter of Law, this is based exclusively on the "speculation" of Carnival's witness Fred Stein, who testified that he had "no personal knowledge" of how Carnival would have obtained Mr. Gottlieb's fax number and registered him has an agent. (Trial Tr. at 258:21-25, 259:12-14.) A reasonable jury likely considered, but refused to give any weight to, this speculative testimony. More importantly, Mr. Gottlieb offered uncontroverted testimony at trial that he never requested to be a Carnival agent and was never told by Carnival that he was considered to be a Carnival agent:

---

[4] References to "DX __" are to defendant Carnival's trial exhibits, which are annexed to the May 21, 2010 Declaration of Andre K. Cizmarik.

> Q. At any point in time between 1999 and 2003, did you ever ask to be signed on as [sic] Carnival agent?
>
> A. I did not.
>
> Q. At any point from 1999 to 2003, did anyone from Carnival ever tell you that they considered you to be on of their agents?
>
> A. At no time.

(Trial Tr. at 51:2-8.) Thus, Carnival's primary piece of evidence pointing to its having a "prior contractual or business relationship" with Mr. Gottlieb is based on the pure speculation of a witness with no personal knowledge -- speculation that was specifically and utterly rebutted by Mr. Gottlieb at trial. Mr. Stein admitted that there is no record of an actual signed agreement with Mr. Gottlieb in 1999, (Trial Tr. 248:13-248:25), and no evidence that he booked any cruise with Carnival in 1999, (Trial Tr. 243:18-20), or that he booked any cruise directly with Carnival at any point between 1999 and 2003 (Trial Tr. 240:3-5). If there is any position lacking in sufficient legal and factual basis, then, it is the one suggesting that Mr. Gottlieb had a "prior contractual or business relationship" with Carnival pursuant to § 396-aa.

Carnival next tries to equate the "prior business or contractual relationship" language in § 396-aa to the "established business relationship" defense in the TCPA -- an argument that is, as a preliminary matter, both unavailable and inaccurate. First, Carnival never requested a jury instruction that the "prior business or contractual relationship" and "established business relationship" were the same, and it never objected to the jury instructions as given, so it has waived that argument. Fed.R.Civ.P. § 51(c)(2); Jarvis v. Ford Motor Co., 283 F.3d 33, 57 (2d. Cir. 2002) ("failure to object to a jury instruction . . . prior to the jury retiring results in a waiver of that objection . . . . Surely litigants do not get another opportunity to assign as error an allegedly incorrect charge simply because the jury's verdict comports with the trial court's

instructions."); ChooseCo, LLC v. Lean Forward Media, LLC, No. 09-2656-cv, 2009 U.S. App. LEXIS 2169, at *3-4 (2d Cir. Feb. 2, 2010) (appellant waived its objections to the jury instructions where it had an opportunity to object, but did not do so until after the jury began deliberating). Furthermore, Carnival's contention that "Gottlieb's counsel argued that the evidence regarding an established business relationship was the same for purposes of both the TCPA and . . . § 396-aa" misses the mark. (Carnival's Br. at 6 (emphasis added).) Although Carnival offered essentially the same evidence in an attempt to establish the EBR defense under the TCPA and the "prior business or contractual relationship" defense under NY Gen. Bus. L. § 396-aa, the legal elements of the two defenses are not identical. In no way did Mr. Gottlieb's counsel suggest that the two standards were identical, and the jury never received an instruction to that effect.[5] As such, Carnival cannot employ the logic that a finding by a reasonable jury of an "established business relationship"[6] under the TCPA would require a finding of a "prior contractual or business relationship" under § 396-aa.

Even if the "prior contractual or business relationship" and the "established business relationship" were the same, it does not necessarily follow that finding for Carnival on Mr. Gottlieb's TCPA claim would also require a finding for Carnival on Mr. Gottlieb's § 396-aa

---

[5] Any such instruction would have been erroneous as a matter of law.

[6] As part of this argument, Carnival insists that "Gottlieb's failure to challenge the legal sufficiency of Carnival's proof of its established business relationship defense . . . is a tacit admission that such evidence was more than legally sufficient to sustain the TCPA verdict in Carnival's favor based on the defense." (Carnival's Br. at 6.) As an initial matter, it was unnecessary for Mr. Gottlieb to challenge Carnival's proof on the TCPA because that defense should have never been made available to Carnival in the first place. Thus, there was no need for Mr. Gottlieb to reach the issue of sufficient proof. Carnival's off-handed suggestion that Mr. Gottlieb made this argument "improperly" (Carnival's Br. at 5) has no basis. In any event, Mr. Gottlieb did argue that Carnival's evidence of an established business relationship was insufficient because Carnival failed to offer any proof that Mr. Gottlieb made an inquiry or application. (See Gottlieb Br., Docket No. 117 at 2 and 6-7.) Of course, Carnival also failed to offer sufficient evidence of any purchase or transaction with Gottlieb from 1999 to 2003.

claim. As Carnival admits in its "Memorandum of Law in Opposition to Plaintiff's Motion for Judgment as a Matter of Law," "the jury rendered only a general verdict," making it ambiguous as to whether the jury found against Mr. Gottlieb on his affirmative TCPA claim, or for Carnival on its "established business relationship" defense. (Carnival's Opp'n 6.)[7] If the jury found that Mr. Gottlieb had failed to meet his affirmative burden under the TCPA, then they would have never reached the issue of the EBR and then the jury's decision would have no bearing, whatsoever, on the "prior contractual or business relationship" affirmative defense found in § 396-aa. Of course, nobody will ever know the basis for the jury's decision because the jury received a bare-bones general verdict form – at Carnival's request and over Mr. Gottlieb's objection.[8] To the extent, then, that Carnival suggests that a reasonable jury would have no legally sufficient evidentiary basis to find that there was no "prior contractual or business relationship" between it and Gottlieb under § 396-aa, it ignores the ambiguity of the jury verdict itself.

### III.  THE TCPA DOES NOT PREEMPT § 396-aa

Finally, this Court has already correctly decided that the TCPA does not preempt § 396-aa, and Carnival's argument is barred by the doctrine of law of the case.[9] This Court left no doubt about its position, holding that there was "no basis to conclude that the TCPA and § 396-aa conflict." Gottlieb v. Carnival Corp., 635 F. Supp. 2d 213, 226 (E.D.N.Y. 2009). Carnival

---

[7] References to "Carnival's Opp'n at ___" are to Carnival's May 3, 2010 "Memorandum of Law In Opposition to Plaintiff's Motion for Judgment as a Matter of Law," Docket No. 119.

[8] The detailed verdict sheet proposed by Mr. Gottlieb as part of his pre-trial submissions, on the other hand, would have showed the basis for the jury's decision on Mr. Gottlieb's TCPA claims. (Cizmarik Decl., Ex. D.)

[9] It is worth noting that Carnival chastised Mr. Gottlieb for making a similar type of argument regarding this Court's decision on the "established business relationship" defense because such argument allegedly was not premised on the legal sufficiency of the proof at trial, but rather on "the legal propriety of the Court's decision." (Carnival's Opp'n at 4.) Here, Carnival does exactly the same thing.

acknowledges this multiple times in its brief. (See Carnival's Br. at 6-7.) And though it had the opportunity to move for reconsideration of this decision, Carnival failed to do so. Thus, this Court's decision on preemption is law of the case. See In re PCH Assocs., 949 F.2d 585, 592 (2d Cir. 1991) ("The [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

Yet, Carnival still clings to the faulty notion that § 396-aa is implicitly preempted because its requirements and regulations are "more restrictive" than those imposed by the TCPA. As a matter of statutory interpretation, this is simply not true. In the same decision where this Court held that the TCPA did not preempt § 396-aa, it also pointed out how, specifically, § 396-aa is less restrictive than the TCPA: "[u]nlike the TCPA, § 396-aa does not prohibit unsolicited faxes that are transmitted between 9:00 p.m. and 6:00 a.m. and are less than five pages long, and the state statute provides for a smaller statutory damages amount than the federal statute." Gottlieb v. Carnival Corp., 635 F. Supp. 2d at 226. Another way in which § 396-aa is less restrictive than the TCPA is that the former requires the faxes to be "promoting goods or services for purchase by the recipient of such messages," N.Y. Gen. Bus. L. § 396-aa – a requirement that Carnival emphasized in its brief in support of its Motion for Judgment as a Matter of Law. The less restrictive nature of § 396-aa is manifest in the fact that the parties stipulated that Mr. Gottlieb received only 225 unlawful faxes under § 396-aa, compared to 750 unlawful faxes under the TCPA. If N.Y. Gen. Bus. L. § 396-aa was more restrictive (as Carnival would now have this Court believe), then the number of § 396-aa violations would have exceeded the number of TCPA violations. Indeed, it appears that Carnival's only basis for asserting that § 396-aa is more restrictive than the TCPA is the fact that the jury found against it on § 396-aa –

clearly an improper basis.  § 396-aa is less restrictive than the TCPA as a whole, and thus, should not be preempted.

## CONCLUSION

For the reasons discussed above, it is hereby respectfully submitted that this Court should enter an Order: (i) denying Carnival's Motion for Judgment as a matter of law; and (ii) granting such other and further relief in favor of plaintiff Gottlieb and against defendant Carnival as this Court deems just and proper.

Dated:  New York, New York
        May 21, 2010

*[signature]*
Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiff Sherman Gottlieb
750 Lexington Ave.
New York, NY 10022
(212) 308-4411